

FILED

00 OCT 19 PM 4: 22

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION



| | | |
|---|---|---|
| Laredo National Bancshares Inc., et al., | ) | Civil Action No. 1:00 CV 2081 |
| | ) | |
| Plaintiffs, | ) | Judge Leslie Brooks Wells |
| | ) | Magistrate Judge Nancy Vecchiarelli |
| vs. | ) | |
| | ) | **Plaintiffs' Opposition to Defendant's** |
| Donald E. Schulz, et al., | ) | **Second Motion for Enlargement of** |
| | ) | **Time Within Which to Respond to** |
| Defendants. | ) | **the Complaint** |

**ORIGINAL**

### Preliminary Statement

This action was filed on August 16, 2000 and assigned to this Honorable Court and

to Magistrate Judge Nancy Vecchiarelli.  The complaint reflects the extensive background

research and good faith efforts to uncover and document critical facts alleged in the

complaint.  It is now necessary to utilize standard discovery tools and the Court's subpoena

power in order to develop the admissible evidence required to meet plaintiffs' burden of

proof.  Plaintiffs are stymied, however, in moving forward with formal discovery because

defendant refuses to answer or otherwise plead to the complaint and a case management

conference has not been conducted.

Counsel for the defendant requested informally an enlargement of time within which to respond to the complaint. *See* letter from Weaver to McLaughlin, dated August 31, 2000, Exhibit 1.  As a professional courtesy, plaintiffs agreed to the informal request. However, when Mr. Weaver made a telephone message request for a second enlargement he was advised by return message that we could not agree to a second enlargement and that defendant should make any such request to the Court.  Defendant filed a motion to extend the time to move or plead to the complaint seeking an additional 20 days, until October 16, 2000.  By endorsed order the Court promptly granted defendant's request. By letter of September 28, 2000, the undersigned counsel wrote to the Court setting forth plaintiff's different perception of the communication between counsel for the parties.  We also took that occasion to advise the Court that plaintiffs would oppose any further motion for an enlargement of time. *See* letter from McLaughlin to Judge Leslie Brooks Wells, dated September 28, 2000, Exhibit 2.

## I.  Defendant Should Answer the Complaint

The defendant was served with a copy of the summons and complaint on August 16, 2000.  An answer was due by September 5, 2000 but was informally extended upon agreement of counsel to September 25th.  Thereafter, by order of Court, the time was enlarged until October 17, 2000, a full two months subsequent to service upon Mr. Schulz of the summons and complaint.  Further, as is clear from the record, Mr. Schulz had engaged his present counsel prior to August 31, 2000 (Exhibit 1), more than six weeks ago.  Now, by a second motion for enlargement of time and upon new found justification

2

the defendant seeks an enlargement of "an additional sixty days until December 15, 2000 within which to move or plead to the complaint."    Were this Court to grant this unreasonable request, defendant would have a full four months within which to file an answer, when the Civil Rules provide for 20 days.  Defendant's motion should be denied.

### A.  Defendant's Dilatory Tactics Should Not Be Rewarded By A Further Enlargement Of Time

In defendant's first motion for enlargement he argued that this case is "complicated," that he is a "college professor of modest means," and that "settlement prospects" are being explored with counsel for plaintiffs. Defendant Schulz argued that "settlement discussions cannot proceed immediately" because various issues are being researched and additional time is required.  However, in the interim, counsel for Mr. Schulz has not contacted the undersigned counsel in order to discuss "settlement" or any other matter.  Now, the interim time period having elapsed, Mr. Schulz claims different grounds upon which this Court should grant an enlargement of time until four months after service of the summons and complaint. Any such extension, it is respectfully submitted, is unwarranted and against the custom and practice of this district and federal courts nationally.

Indeed, in defendant's instant motion, he submits his affidavit affirming that he has read the motion and "the contents thereof are true to the best of my knowledge and belief." When one reviews the contents, it is plain that the defendant purposefully challenges various factual allegations of the complaint and, makes various admissions which confirm

3

other allegations of the complaint.[1] The defendant should not be permitted to make self-serving statements on the record responding to factual allegations of the complaint without formally responding and moving this case forward consistent with the letter and spirit of the local rules of the United States District Court for the Northern District of Ohio. *See e.g.,* Fed. R. Civ. P. 1 (The rules governing procedure in United States District Court "shall be construed and administered to secure the just, speedy and inexpensive determination of every action."); LR 16.1(b)(2) (The Case Management Conference "shall, as a general rule, be conducted no later than thirty (30) days after the date of the filing of the last permissible responsive pleading, or the date upon which such pleading should have been filed, but not later than ninety (90) days from the date counsel for the defendant(s) has entered notice of appearance, regardless of whether a responsive pleading has been filed by that date.") (emphasis added); LR 16.2(a)(2)(C) ("Cases on the Complex Track . . . shall have a case completion goal of no more than twenty-four (24) months."). The clock is ticking: defendants motion should be denied.

## Conclusion

Based on the foregoing, Laredo National Bancshares, Inc., The Laredo National Bank and Gary G. Jacobs respectfully request the Court to deny defendant's second motion for

---

[1] It is noted that another Cleveland State University Professor has filed a motion to intervene in this action, and has attached a lengthy affidavit challenging factual assertions in the complaint. Despite his broad sweeping affidavit, Professor Todd seeks to enter only a limited appearance in order to challenge two paragraphs of the complaint. Counsel for plaintiffs will respond to the motion to intervene within the time period prescribed by the Local Rules. It is sufficient to state here that it is curious that parties and non-parties alike are seeking to challenge the factual assertions of the complaint, by sworn affidavit, while refusing to engage in the adversary process by attempting to limit their appearance, or failing to answer or otherwise respond to the complaint, hoping to avoid exposure to discovery in this action.

an enlargement of time, and require defendant to answer or otherwise respond to the

complaint within three (3) days of the denial of his motion.

Respectfully submitted,

Patrick M. McLaughlin        (0008190)
John F. McCaffrey             (0039486)
Colin R. Jennings             (0068704)
McLAUGHLIN & McCAFFREY, LLP
1801 East Ninth Street, Suite 740
Cleveland, Ohio 44114-3198
(216) 623-0900
(216) 623-0935
pmm@paladin-law.com

Ricardo G. Cedillo
Jason R. Cliffe
DAVIS, CEDILLO & MENDOZA
Harte-Hanks Tower, Suite 400
200 Concord Plaza Drive
San Antonio, Texas  78216-6950
(210) 822-6666
(210) 822-1151
rgc@lawdcm.com

Counsel for plaintiffs

5

## Certificate of Service

A copy of the foregoing Plaintiffs' Opposition to Defendant's Second Motion for Enlargement of Time Within Which to Respond to the Complaint has been served by Ordinary U.S. Mail upon Philip J. Weaver, Jr., Smith, Marshall, Weaver & Vergon, counsel for defendant, 500 National City - East Sixth Building, 1965 East Sixth Street, Cleveland, Ohio 44114-2298 on this the 19th day of October, 2000.

Patrick M. McLaughlin

/cRJ

6