

FILED

00 OCT 25 AM 11: 13

CLERK, U.S. ...
NORTHERN DISTRICT OF OHIO
CLEVELAND

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| LAREDO NATIONAL BANCSHARES, INC., et al. | ) CASE NO. 1: 00 CV 2081 <br> ) <br> ) |
| Plaintiffs | ) JUDGE LESLEY WELLS <br> ) |
| -vs- | ) <br> ) ORDER GRANTING IN PART |
| DONALD E. SCHULZ | ) DEFENDANT'S SECOND MOTION TO <br> ) EXTEND TIME TO MOVE OR PLEAD TO |
| Defendant | ) THE COMPLAINT AND SETTING CASE <br> ) MANAGEMENT CONFERENCE |

This case is before the Court on defendant Donald E. Schulz's motion to extend the time within which he may move or plead to the complaint. Defendant was previously granted an informal twenty-one day extension by plaintiffs' counsel and a formal twenty-one day extension by order of the Court. Thus, the deadline for filing a response to plaintiffs' complaint was 17 October 2000. On 16 October 2000, defendant filed the present motion. On 19 October 2000, plaintiffs filed an opposition to defendant's motion. On 23 October 2000, defendant filed a reply.

AO 72A
(Rev.8/82)

In his motion, Mr. Schulz asserts financial hardship and requests an extension until 15 December 2000. An extension is granted to 15 November 2000 to move or plead to the complaint. No further extension will be granted.

The Court notes that Mr. Schulz, through counsel entering a "special appearance," and through his own sworn affidavit, represents that "the claims asserted herein are baseless" and that "he is not liable to the Plaintiffs for any of the claims being asserted." (Docket 13 at 2, 4, 6). This Court therefore construes Mr. Schulz's second motion as a general denial of the allegations in the complaint. Accordingly, a case management conference will be held on Tuesday, 12 December 2000 at 11:30 a.m. in accordance with the provisions set forth below. Mr. Schulz shall appear for the case management conference, pro se or with counsel representing him.

* * *

This case is subject to the provisions of Rule 16.1 of the Local Rules of the Northern District of Ohio entitled Differentiated Case Management (DCM). All counsel and pro se parties are expected to familiarize themselves with the Local Rules as well as with the Federal Rules of Civil Procedure. The Court will evaluate this case in accordance with LR 16.1 and assign it to one of the case management tracks described in LR 16.2(a). Each of the tracks (expedited, standard, complex, mass tort and administrative) has its own set of guidelines and timelines governing discovery practice, motion practice and trial. Discovery shall be guided by LR 26.1 et seq. and motion practice shall be guided by LR 7.1 et seq.

## SCHEDULING OF CASE MANAGEMENT CONFERENCE

All counsel and/or parties will take notice that the above-entitled action has been set for a Case Management Conference ("CMC") on 12 December 2000, at 11:30 a.m. before Judge Lesley Wells, Room 338, United States Court House, 201 Superior Avenue, Cleveland, Ohio 44114.

*Local Rule 16.3(b) requires the attendance of both parties and lead counsel.* "Parties" means either the named individuals or, in the case of a corporation or similar legal entity, that person who is most familiar with the facts of the case. "Party" does not mean in-house counsel or someone who merely has "settlement authority." If the presence of a party or lead counsel will constitute an undue hardship, a written motion to excuse the presence of such person must be filed no later than 14 calendar days before the CMC.

## TRACK RECOMMENDATION

Pursuant to LR 16.3(a), and subject to further discussion at the CMC, the Court recommends the following track:

___ Expedited   ✓ Standard   ___ Administrative

___ Complex   ___ Mass Tort

___ Recommendation reserved for CMC.

3

## APPLICATION OF FED. R. CIV. P. 26(a)

Rule 26(a) of the Federal Rules of Civil Procedure mandates a series of required disclosures in lieu of discovery requests unless otherwise stipulated or directed by order or local rule.

In the above-entitled case, Rule 26(a) shall apply as follows:

    √  All disclosures mandated by Rule 26(a) shall apply, including Initial Disclosures (Rule 26(a)(1)), Disclosure of Expert Testimony (Rule 26(a)(2)), and Pre-Trial Disclosures (Rule 26(a)(3)).

    ___  Initial Disclosures (Rule 26(a)(1)) shall not apply; Disclosure of Expert Testimony (Rule 26(a)(2)) and Pre-Trial Disclosures (Rule 26(a)(3)) shall apply.

## CONSENT TO JURISDICTION OF MAGISTRATE JUDGE

Magistrate Judge Vecchiarelli is also assigned to this case. The parties are encouraged to consider together consenting to the jurisdiction of the Magistrate Judge.

## PREPARATION FOR CMC BY COUNSEL

The general agenda for the CMC is set by LR 16.3(b). Counsel for the plaintiff shall arrange with opposing counsel for the meeting of the parties as required by Fed. R. Civ. P. 26(f) and LR 16.3(b). A report of this planning meeting shall be jointly signed and submitted to the Clerk for filing not less than 14 calendar days before the CMC. The report shall be in a form substantially similar to Attachment 1.

AO 72A
(Rev.8/82)

## FORMAL DISCOVERY STAYED UNTIL CMC

Pursuant to LR 26.2, counsel are reminded that no preliminary formal discovery may be conducted prior to the CMC except "such discovery as is necessary and appropriate to support or defend against any challenge to jurisdiction or claim for emergency, temporary, or preliminary relief[.]" This limitation in no way affects any disclosure required by Fed. R. Civ. P. 26(a)(1) or by this order.

## RESOLUTION PRIOR TO CMC

In the event that this case is resolved prior to the CMC, counsel shall submit a stipulation or notice of dismissal under Rule 41 of the Federal Rules of Civil Procedure. Counsel must indicate which party shall bear costs and whether the dismissal is with or without prejudice. The stipulation or dismissal must be received by the Court prior to the CMC or the CMC will go forward as scheduled.

IT IS SO ORDERED.

UNITED STATES DISTRICT JUDGE

AO 72A (Rev.8/82)