

FILED

00 OCT 27 AM 10: 06

NORTHERN DISTRICT OF OHIO
CLEVELAND

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION



ORIGINAL

| | | |
|---|---|---|
| Laredo National Bancshares Inc., et al., | ) | Civil Action No. 1:00 CV 2081 |
| | ) | |
| Plaintiffs, | ) | Judge Leslie Brooks Wells |
| | ) | Magistrate Judge Nancy Vecchiarelli |
| vs. | ) | |
| | ) | **Plaintiffs' Opposition to Motion** |
| Donald E. Schulz, et al., | ) | **for Leave to Intervene for Limited** |
| | ) | **Purpose of Striking Defamatory** |
| Defendants. | ) | **Reference in Pleadings** |

## Preliminary Statement

Walker F. Todd moves this Court for "leave to intervene as a non-party . . . for the limited purpose of striking or otherwise amending certain portions of the complaint." See Motion for Leave to Intervene for the Limited Purpose of Striking Defamatory References in Pleading at 1 (hereinafter "motion for leave to intervene"). The motion for leave to intervene is premised upon permissive joinder, Fed. R. Civ. P. 24(b), for the purpose of seeking to strike or otherwise amend paragraphs 51 and 52 of the complaint, pursuant to Fed. R. Civ. P. 12(f). Petitioner Todd has no claim in this action, and therefore fails to have the standing necessary to seek permissive intervention. The attempted intervention will unduly delay and prejudice the adjudication of the rights of the original parties and, therefore, the motion to intervene should be denied. However, should Mr. Todd wish to

intervene as a party defendant (in substitution of one of the John Does) plaintiffs withdraw this objection.

## BRIEF

On October 16, 2000, Walker F. Todd filed a motion for leave to intervene in this action for the purported purpose of seeking to strike paragraphs 51 and 52 of the complaint. Petitioner Todd, although a Cleveland State University law professor, fails to cite a single case in support of his motion for leave to intervene.[1] Instead, Todd offers an 11-page motion and a 12-page affidavit gratuitously dumping extraneous and prejudicial allegations and assertions into this record in an effort to support his proposed "non-party" intervention into this action. Todd goes out of his way to level irrelevant and defamatory allegations against plaintiffs and their counsel, none of which are related to the purported purpose of the motion to intervene, in order to color plaintiffs and their counsel in the eyes of this Court. The propriety of Todd's tactics aside, petitioner has not demonstrated a sufficient interest in this action to justify permissive intervention.

Todd is currently serving as defense counsel in a separate action brought by plaintiffs and other entities in Laredo, Texas. *See Laredo National Bancshares, Inc. v. Richard Christopher Whalen, Jr., et al.*, Case No. 99 CVQ 00940D3, 341st Judicial District Court,

---

[1] One must question whether there is any judicial authority allowing a potential witness to intervene as a "non-party" for the purpose of challenging two factual references in a lengthy and detailed complaint.

2

Webb Cty., Texas. He is an advocate for his client, and an adversary to plaintiffs. As demonstrated by the motion for leave to intervene and its attached affidavit, the true purpose of Todd's attempted intervention is to attack and undermine plaintiffs' case here in Cleveland in the hopes of furthering his clients' interests in Texas. This, however, is clearly an improper basis upon which to justify his proposed intervention.

Further, Todd moves this Court for leave to intervene as a <u>non-party</u> in this action for the limited purpose of striking or otherwise amending certain portions of the complaint which contain factual allegations related to him. He seeks leave of Court to intervene for the purpose of filing a motion to strike, pursuant to Fed. R. Civ. P. 12(f). The basis for the proposed intervention does not relate, in any way, to any claim or defense in the underlying action. Upon this record, Todd lacks a sufficient interest in the instant action, lacks standing to move this Court for permissive intervention and, in any event, would lack standing to file a Fed. R. Civ. P. 12(f) motion to strike even if his motion for permissive intervention was granted.

### A) Todd Has Failed To Demonstrate A Sufficient Interest In This Action To Justify His Proposed Intervention

Permissive intervention is governed by Fed. R. Civ. P. 24(b), which provides in relevant part: "Upon timely application anyone may be permitted to intervene in an action: . . . when an applicant's claim or defense and the main action have a question of law or fact in common." See Fed. R. Civ. P. 24(b)(2).

"A motion for permissive intervention under Rule 24(b) is directed to the sound discretion of the district judge." *Brewer v. Republic Steel*, 513 F.2d 1222, 1225 (6th Cir.

1975). The denial of permissive intervention should be reversed only for clear abuse of discretion by the trial judge. *See Purnell v. City of Akron*, 925 F.2d 941, 951 (6th Cir. 1991) (citing *Meyer Goldberg, Inc. v. Fisher Foods, Inc.*, 823 F.2d 159, 161 (6th Cir. 1987). "[S]o long as the motion for intervention is timely and there is at least one common question of law or fact, the balancing of undue delay, prejudice to the original parties, and any other relevant factors is reviewed for an abuse of discretion." *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240 (6th Cir. 1997).

While Todd's motion to intervene may be timely, he has failed to demonstrate a sufficient interest upon which to intervene in this action. Todd has sought to intervene in this action for the limited purpose of challenging two paragraphs of the complaint. He neither asserts nor proclaims any interest in the merits of this action. Accordingly, he has no common claim or defense with the main action as required by Fed. R. Civ. R. 24(b). Petitioner seeks only to challenge the limited factual allegations of the complaint which reference to him. This is not a proper use of Rule 24 intervention. In any event, the proposed intervener's participation in this action will create undue delay and prejudice the original parties to this action.

### i) **Todd Fails To Articulate Any Sufficient Interest In This Action**

Todd has failed to assert or demonstrate a common claim or defense with the main action. His motion for leave to intervene is based on a wholly collateral matter, related to only two paragraphs of an 117 paragraph complaint. While Todd may object to certain

references in the complaint, he does not have standing to challenge those references as he was not named as a party to this action. Instead, he is, at present, a non-party witness (if either plaintiffs or defendant choose to subpoena him for testimony). He may not intervene in a case where he has no claim or defense relevant to the underlying action for the purpose of challenging two limited paragraphs of the complaint. If non-party witnesses could routinely intervene in federal court actions solely to challenge factual assertions or references in a complaint the American justice system would be undermined. Furthermore, as demonstrated by the lengthy and inflammatory materials submitted by Todd in support of his motion to intervene, it is clear that his proposed intervention will unduly delay and/or prejudice the adjudication of the rights of the original parties. The parties to the action will have to expend considerable time and resources addressing the broad-sweeping allegations set forth in Todd's motion to intervene and the attached affidavit, and ultimately to what end?

### ii) Todd Has No Standing To Intervene

In order to intervene in an action, an individual must have an independent jurisdictional ground to support a claim of permissive intervention under Rule 24(b)(2). See *Secretary of Dept. of Labor v. King*, 775 F.2d 666, 668 (6th Cir. 1985) ("The prevailing view of the federal courts requires an independent jurisdictional ground to support a claim of permissive intervention under Rule 24(b)(2)"; noting that the Sixth Circuit has never specifically adopted this requirement, but assuming its applicability in the Sixth Circuit.); *Fouke Co. v. Mandel*, 386 F. Supp. 1341 (D. Md. 1974). Accordingly, Rule 24(b)(2)

5

requires an independent jurisdictional basis for Todd to intervene in this action. In addition to failing to assert a sufficient interest in this action, he cannot demonstrate an independent jurisdictional ground upon which to support his claim for permissive intervention. He is unable to invoke this Court's subject matter jurisdiction, either through the assertion of a federal question or by invoking the Court's diversity jurisdiction. His failure to demonstrate an independent jurisdictional ground upon which to support his claim for permissive intervention is fatal to his motion. *Id.*

### iii) Todd Has No Standing To File A Motion To Strike

Todd moves to intervene as a "non-party for the limited purpose of striking or otherwise amending certain portions of the complaint filed in this action." *See* Motion to Intervene at 1. Accordingly, Todd seeks to intervene in this action as a "non-party" for the purpose of filing a Fed. R. Civ. P. 12(f) motion to strike.

Todd does not have standing, under Fed. R. Civ. P. 12(f) to file a motion to strike as a non-party. Civil Rule 12(f) states:

> Upon motion made by a **party** before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a **party** within 20 days after the service of the pleading upon the **party** or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. (emphasis added).

Fed. R. Civ. P. 12(f). Rule 12(f) is limited, by its express terms, to a party. As Todd has moved this Court to intervene as a "non-party," he would not have standing to move this Court to strike any portion of plaintiffs' complaint. Thus, even assuming *arguendo* that

6

Todd would have standing sufficient to allow permissive intervention, the purported basis of his motion for leave to intervene is fatally flawed. A non-party may not move this Court to strike any portion of a pleading. Accordingly, irrespective of the fact that Todd has 1) failed to assert any common claim or defense with this action, 2) has no independent jurisdictional basis upon which to base his motion for leave to intervene, and 3) his participation in this action will unduly delay and prejudice the adjudication of the rights of the original parties, his motion for leave to intervene as a "non-party" is procedurally defective in light of the relief sought. Todd's flawed motion to intervene should be denied.

**B) In The Alternative, If This Court Is Inclined To Grant Todd Leave To Intervene For the Limited Purpose Of Challenging The Factual Allegations In Paragraphs 51 and 52 of the Complaint, Plaintiffs Should Be Afforded The Opportunity To Conduct Limited Discovery Related To The Factual Allegations In those Two Claims, As Well As The Affidavit Attached To The Motion To Intervene, Prior To Responding To Any Motion To Strike**

In the alternative, were this Court inclined to grant Todd leave to intervene in this action for the limited purpose of challenging, as a non-party, paragraphs 50 and 51 of the complaint, plaintiffs should be granted the opportunity to conduct limited discovery in order to appropriately challenge that motion. Although the motion currently before this Court is limited to seeking leave to intervene in order to file a motion to strike, or otherwise amend, certain portions of the complaint, Todd has abused his status by submitting a lengthy affidavit making factual assertions in an effort to challenge certain references made in the complaint.[2] Fundamental fairness requires that plaintiffs be afforded the opportunity to

---

[2] A motion to strike Todd's affidavit is being filed simultaneously with this brief in opposition.

conduct discovery into the factual issues raised by any such motion to strike, before being required to respond to it. Todd may not file a lengthy affidavit with this Court, making factual assertions in contravention of the complaint, without allowing plaintiffs an opportunity to test the veracity of his assertions - - under cross-examination if necessary.

If petitioner is afforded the opportunity to file a motion to strike with this Court, plaintiffs respectfully request that this Court provide the authority to conduct limited discovery. The scope of the requested discovery would include the ability to subpoena the telephone records, all home and work numbers, for Todd, defendant Schulz, and Dolia Estevez. Furthermore, plaintiffs would request the opportunity to depose Todd. Depending on the phone records and the testimony of Todd, it may become necessary to depose Estevez, defendant Schulz, and perhaps others on an expedited basis related to the allegations raised by Todd's proposed intervention. These depositions would be limited to the allegations set forth in paragraphs 51 and 52 of the complaint, and the assertions set forth in Todd's affidavit. This limited discovery would allow plaintiffs the opportunity to gather the facts and testimony to challenge any motion to strike and the affidavit currently on file before this Court. Without this limited discovery, plaintiffs would be at a significant disadvantage in responding to the allegations in Todd's affidavit and any motion to strike based thereon. Accordingly, if this Court is inclined to entertain a motion to strike by Todd, plaintiffs request the above enumerated limited discovery in order to fully brief the issues related to any such motion.

## Conclusion

Based upon the foregoing, plaintiffs respectfully request that this Court deny Todd's motion for leave to intervene. Todd has failed to demonstrate a sufficient interest in this action, and cannot demonstrate any independent jurisdictional basis upon which to ground his claim of permissive intervention. Moreover, intervention of Todd will create undue delay, and will prejudice the adjudication of the rights of the original parties. This interruption is clearly demonstrated by the need to conduct collateral, and separate discovery into the assertions of Todd, in order to brief in opposition to any motion to strike. Put simply, Todd is a non-party to this action, and he has asserted no interest sufficient to justify his participation here. The balance of interests here mitigate clearly in favor of denying the motion for leave to intervene.

Respectfully submitted,

*/s/ Patrick M. McLaughlin*

Patrick M. McLaughlin  (0008190)
John F. McCaffrey  (0039486)
Colin R. Jennings  (0068704)
McLAUGHLIN & McCAFFREY, LLP
Eaton Center
1111 Superior Avenue, Suite 1350
Cleveland, Ohio 44114-2500
(216) 623-0900 - Telephone
(216) 623-0935 - Facsimile
pmm@paladin-law.com

Ricardo G. Cedillo
Jason R. Cliffe
DAVIS, CEDILLO & MENDOZA
Harte-Hanks Tower, Suite 400
200 Concord Plaza Drive
San Antonio, Texas 78216-6950
(210) 822-6666
(210) 822-1151

Counsel for plaintiffs

9

## Certificate of Service

A copy of the foregoing Plaintiffs' Opposition to Motion for Leave to Intervene for Limited Purpose of Striking Defamatory Reference in Pleadings has been served by Ordinary U.S. Mail upon Walker F. Todd, 1164 Sheerbrook Drive, Chagrin Falls, Ohio 44022; and Philip J. Weaver, Jr., Smith, Marshall, Weaver & Vergon, counsel for defendant, 500 National City - East Sixth Building, 1965 East Sixth Street, Cleveland, Ohio 44114-2298, on this the 27th day of October, 2000.

_____
Patrick M. McLaughlin