UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LAREDO NATIONAL BANCSHARES, INC., et al. | ) CASE NO. 1: 00 CV 2081 |
| | ) |
| Plaintiffs | ) JUDGE LESLEY WELLS |
| | ) |
| -vs- | ) |
| | ) ORDER DENYING MOTION TO |
| DONALD SCHULTZ, et al. | ) INTERVENE AND GRANTING MOTION |
| | ) TO STRIKE AFFIDAVIT |
| Defendants | ) |

This case is before the Court on two motions.  First, pro se petitioner Walker F. Todd has moved for leave to intervene as "a non-party in the above-captioned matter for the limited purpose of striking or otherwise amending certain portions of the Complaint filed in this action on August 15, 2000."  (Docket 12 at 1).  Plaintiffs filed an opposition to this motion on 27 October 2000.  Second, plaintiffs have moved to strike the affidavit of Mr. Todd in support of his motion for leave to intervene.  Plaintiffs' motion to strike is unopposed.

Mr. Todd moves to intervene as a non-party pursuant to Federal Rule of Civil Procedure 24(b), which provides:

**Permissive Intervention.**  Upon timely application anyone may be permitted to intervene in an action (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. . . . In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Fed. R. Civ. P. 24(b).  In this case, Mr. Todd seeks intervention because paragraphs 51 and 52 of the complaint contain statements that allegedly defame Mr. Todd.  He asserts that the motive for including such statements in the complaint is that one of plaintiffs' counsel is opposing counsel to Mr. Todd in a separate action and is attempting to gain advantage or to interfere with Mr. Todd's attorney-client relationship in the other proceeding.  (Docket 12 at 9).  However, Mr. Todd has not identified a statute of the United States conferring a conditional right to intervene under the circumstances, nor does his defamation claim contain a common question of law or fact with the main action in this case.[1]  Rather, he has raised issues that are wholly unrelated to the case before this Court and that will thus unduly prejudice the parties by detracting from the adjudication with collateral issues.

Even if Mr. Todd had demonstrated that permissive intervention was appropriate under the circumstances, he would be unable to strike the allegedly defamatory statements from the complaint.  Rule 12(f) of the Federal Rules of Civil Procedure allows "a party" to move the court to strike "from any pleading any insufficient defense

---

[1]Mr. Todd has filed an 11-page brief and 12-page affidavit, but does not cite to a single case in support of his motion for intervention.  He has instead requested, "in light of the fact-centered nature of the issues raised," that this Court waive Local Rule 7.1(d), which requires a moving party to "serve and file with its motion a memorandum of the points and authorities on which it relies in support of the motion."  Upon consideration, the Court denies Mr. Todd's request for waiver.

2

or any redundant, immaterial, impertinent, or scandalous matter."  However, Mr. Todd seeks to intervene as a non-party.  He thus would not have standing to strike portions of the complaint pursuant to Rule 12(f), and would be unable to satisfy the limited purpose for which he seeks intervention.  Therefore, this Court denies Mr. Todd's motion to intervene.

Also, plaintiffs have moved to strike Mr. Todd's affidavit attached to his motion for leave to intervene.  (Docket 20).  Plaintiffs allege that the affidavit contains "gratuitous and prejudicial allegations respecting plaintiffs and their counsel."  (Docket 20 at 3).  Mr. Todd's affidavit contains assertions that are immaterial and impertinent. Therefore, plaintiffs' motion to strike is granted.

IT IS SO ORDERED.

UNITED STATES DISTRICT JUDGE

3