**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LADREDO NATIONAL BANCSHARES, INC., et al., | ) ) ) | CASE NO. 1:00CV2081 |
| Plaintiffs, | ) ) | JUDGE WELLS |
| vs. | ) ) ) | DEFENDANT SCHULZ'S MOTION TO ADD NEW PARTY PLAINTIFF |
| DONALD E. SCHULZ, | ) ) | |
| Defendant. | ) | |

Defendant, Donald E. Schulz, by and through counsel moves the Court for an order adding Mr. Carlos Hank Rhon as a new party plaintiff, under Fed. R. Civ. P. R. 19, 20 and 21. For the reasons set forth in the attached brief, Mr. Hank Rhon is the real party in interest, whose absence as a named party in this litigation would greatly injure Defendant's ability meaningfully adjudicate this matter. Therefore, Defendant seeks to properly align the real parties in interest in this case by the addition of Mr. Carlos Hank Rhon as a new party plaintiff. This motion is not made for purposes of delay, but to ensure the proper and final adjudication of this matter.

Respectfully submitted,

/s/ Philip J. Weaver, Jr.
Philip J. Weaver, Jr. (0025491)
Smith, Marshall, Weaver & Vergon
500 National City-E. 6th Bldg.
1965 East 6th Street
Cleveland, Ohio 44114
(216) 781-4994


Attorney for Defendant Donald E. Schulz

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of June, 2001 a copy of the foregoing Defendant's Motion To Add New Party Plaintff was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. In addition, a copy of the foregoing document was served by first class U.S. mail, postage prepaid, this 1st day of June, 2001 upon Patrick M. McLaughlin, Esq., Attorney for Plaintiff, McLaughlin & McCaffrey, LLP, Eaton Center, 1111 Superior Avenue, Suite 1350, Cleveland, Ohio 44114-2500.

/s/ Philip J. Weaver, Jr.
Philip J. Weaver, Jr.

BRIEF IN SUPPORT

Careful review of the Complaint demonstrates that Mr. Carlos Hank Rhon is the real party in interest for purposes of the allegations set forth in the Complaint. While Defendant does not suggest that the named Plaintiffs have no standing, there is ample evidence to support the proposition that Mr. Carlos Hank Rhon is the driving force behind this litigation and as such should be included as a named party, both for his own benefit and for that of the Defendant.

Paragraphs 10, 11, 17, 42, 43 and 92 of the Complaint all specifically relate to Carlos Hank Rhon and injuries that he and his family have allegedly incurred. Further, the articles mentioned as source material evidence of Defendant's alleged wrongdoing are all undoubted directed not at the named Plaintiffs but at Carlos Hank Rhon and Grupo Hank.[1] In fact, the few times that named Plaintiffs are mentioned in any materials in this suit are virtually inseparable from mentions of Carlos Hank Rhon.

Since Mr. Hank Rhon has a controlling interest in Laredo National Bank, and according to published reports, Operation White Tiger was an investigation relating to Grupo Hank, it is not at all surprising to find the named Plaintiffs mentioned in association with Mr. Hank Rhon. Plaintiff Gary Jacobs, in fact, has sought out much of the public

---

[1] See Complaint Exhibit C: *The Hanks, On The U.S. Anti-Drug Lookout; They are a Risk, They Warn,* El Financiero, May 31, 1999; Exhibit D: *Family Affairs*, Insight Magazine, March 29, 1999; Exhibit E: *U.S. Sees Threat From Criminal Enterprises of Mexican Family,* The Washington Post, June 2, 1999; Exhibit F: *U.S. Report Ties Mexican Tycoon to Crime Empire*, The Dallas Morning News, June 2, 1999.

attention to his involvement in this matter through interviews and appearances such as that on PBS 'Frontline.'  Mr. Jacobs certainly has the right to defend himself against his reputed accuser in this Court, but Defendant should also have the right to defend himself against the true party in interest, Mr. Carlos Hank Rhon.

Rule 19 of the Federal Rules of Civil Procedure provides, in part, that the court shall join a party "if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person... is so situated that the disposition of the action in the person's absence may" limit the unnamed party's ability to protect his interest or result in the named parties being subject to multiple, inconsistent outcomes.  Commonly, named plaintiffs use this method to join "involuntary plaintiffs."

Case law supports Defendant's proposition of adding Mr. Hank Rhon as a plaintiff. An example is *House v. Mine Safety Appliances Co. (CA 9th, 1978) 573 F. 2d 609, 622*, where the court stated that parties whom the defendants sought to add as third-party defendants were so aligned with the named plaintiffs, that the parties should have been added as necessary plaintiffs under Rule 19.[2]

Following the reasoning from *House*, in order for Defendant to properly adjudicate this matter, he can only add the necessary party - Mr. Hank Rohn - as a plaintiff.  Mr. Hank Rohn is necessary to this litigation as his exclusion from this case will hinder discovery by Defendant, as well as potentially expose Defendant to multiple, inconsistent outcomes should Mr. Hank Rohn later bring suit against Defendant.  Mr. Hank Rohn stands in the

---

[2] *House* was subsequently overruled on other grounds.

same position as the named plaintiffs, and his interests are aligned with them.

If this Court finds Rule 19 inapplicable, Defendant argues that Rules 20 and 21 permit this Court to add Mr. Hank Rhon as a new party plaintiff. Rule 20 provides that "all persons" may be joined in one action, and that the proposed new party "need not be interested in obtaining or defending against all the relief demanded." Further, Rule 21 permits this Court to add parties "by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." Taken together, these rules strongly suggest that the Court can and should join the real party in interest in this litigation, Mr. Carlos Hank Rhon, at this juncture.

This Court held in *Studebaker Corp. v. Algripco, Inc.,* 331 F. Supp. 375 (N.D. Oh. 1970), that a defendant may add a "party adverse to the defendant" under Rule 21. In *Studebaker*, the defendant filed counterclaims against the named plaintiff, an exclusive licensee, and a proposed new party, the patent owner. In addition to admitting both counterclaims, the court found it proper to add the patent owner as a plaintiff, because the patent owner's interests were the same and virtually inseparable from that of the named plaintiff.

This Court should follow *Studebaker*'s reasoning and add Mr. Hank Rhon as a plaintiff. Mr. Hank Rhon's interests are virtually inseparable from the named plaintiffs. In fact, Mr. Hank Rhon and the alleged damage he suffered permeate the Complaint.

Defendant contends Mr. Carlos Hank Rhon is the driving force behind this litigation. In order to ensure proper adjudication of this matter, Mr. Hank Rhon must be a named

plaintiff subject to all the benefits and burdens of such a role.  The majority of the Complaint contains allegations relating to Carlos Hank Rhon and Grupo Hank.  Given this undeniable vested interest and his detailed connections to the named Plaintiffs, Mr. Carlos Hank Rhon must be a named Plaintiff.  Rules 19 - 21 all provide the basis for his proposed addition as a party to this action.

    For the reasons stated above, this Court should grant Defendant's motion and add Mr. Carlos Hank Rohn as a new party plaintiff in this matter.

Respectfully submitted,

/s/ Philip J. Weaver, Jr.
Philip J. Weaver, Jr. (0025491)
Smith, Marshall, Weaver & Vergon
500 National City-E. 6th Bldg.
1965 East 6th Street
Cleveland, Ohio 44114
(216) 781-4994

Attorney for Defendant Donald E. Schulz