**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| Laredo National Bancshares Inc., et al., | ) | Civil Action No. 1:00 CV 2081 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Judge Leslie Wells |
| | ) | Magistrate Judge Nancy Vecchiarelli |
| vs. | ) | |
| | ) | |
| Donald E. Schulz, et al., | ) | **Plaintiffs' Brief in Opposition to** |
| | ) | **Defendant's Motion to Add New** |
| Defendants. | ) | **Party Plaintiff** |

**Preliminary Statement**

Defendant Donald Schulz has filed a motion seeking to add Carlos Hank Rhon as a new party plaintiff in this action.  While admitting that the named party plaintiffs have standing to pursue the allegations in their complaint, defendant asserts that Carlos Hank Rhon is the "driving force" behind this litigation.   *See* Motion to Add New Party Plaintiff, at unnumbered p. 4.  Defendant Schulz asserts that Carlos Hank Rhon should be included as a named party, "for both his own benefit and that of the defendant."  Defendant's self-serving assertions regarding Mr. Hank aside, it is clear that the named plaintiffs have independent standing and causes of action.  There is no basis under Rule 19, 20 or 21 to

add Carlos Hank Rhon as a new party plaintiff.  The fact that Mr. Hank has chosen not to pursue defendant Schulz for the egregious injury visited upon him and his family is obviously a personal choice left to Mr. Hank and is of clear benefit to the named defendant.

## Statement of the Facts

On June 1, 2001, defendant Donald E. Schulz filed his motion to add new party plaintiff.  The motion seeks to add Carlos Hank Rhon as a new party plaintiff under Fed. R. Civ. P. 19, 20, and/or 21.  Defendant asserts that, "Mr. Hank is the real party in interest," while simultaneously conceding, as he must, that the named plaintiffs have independent standing, *i.e.* injury.  *Id.* at unnumbered pp. 1 and 4.  The only asserted bases for the addition of Mr. Hank as a party are as follows:

1) "His exclusion from this case will hinder discovery by the defendant;"

2) "Potentially expose defendant to multiple inconsistent outcomes;" and

3) "Because Mr. Hank Rhon's interests are virtually inseparable from the named plaintiffs."

*Id.* at unnumbered pp. 5 and 6.

Further, defendant argues that he "should also have the right to defend himself against the true party in interest, Mr. Carlos Hank Rhon."  *Id.* at unnumbered p. 5.

Defendant Schulz must, however, defend the pending suit. While he may believe that Carlos Hank Rhon has an obligation to sue him for the egregious damages caused to Mr. Hank and his family, it is clear that the decision to sue rests with the injured party. Plaintiffs have chosen to pursue defendant Schulz for his unlawful conduct.  He must

defend against the named party plaintiffs and not speculate regarding how or why any individual shareholder of LNB is not a participant. The bottom line is that Mr. Hank has not asserted any claims in this action.

The relief sought, involuntarily adding a new party plaintiff, is extraordinarily unusual. The decision to sue is left to the individual or entity harmed. Defendant Schulz' attempt to recast this lawsuit should be rejected.

## Law and Argument

Defendant has asserted joinder under all of the relevant Federal Rules of Civil Procedure. Rules 19, 20, and 21 govern the joinder of parties. Rule 19 controls the addition of "necessary parties." Rule 20 governs the "permissive joinder of parties," and Rule 21 governs the misjoinder and non-joinder of parties. Each of these Rules will be addressed, in turn, below. It is clear that none of them provide a basis upon which to add Carlos Hank Rhon as a new party plaintiff.

### I. Mr. Hank Is Not A Necessary Party

Mr. Hank is not a necessary party to this action. Federal Rule of Civil Procedure 19(a) governs the joinder of necessary parties. Rule 19(a) states, in pertinent part:

> <u>A person who is subject to service of process</u> . . . shall be joined as a party in the action if:
>
> > (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations by reason of the claimed interest.

Fed. R. Civ. P. 19(a) (emphasis added).

Defendant does not assert that Mr. Hank's absence from this suit limits complete relief for the named parties. *See* Fed. R. Civ. P. 19(a)(1). The rights being pursued by the named party plaintiffs are separate and distinct from those of Mr. Hank. Defendant Schulz concedes this point in his brief when he admits that the named plaintiffs have standing to pursue this action and that "Mr. Jacobs certainly has a right to defend himself against his reputed accusers. . . " Motion to Add New Party Plaintiff, at unnumbered pp. 4 and 5. Accordingly, complete relief can be afforded among the current parties without the addition of Mr. Hank.

Moreover, Mr. Hank has not claimed an interest relating to the subject of the action. *See* Fed. R. Civ. P. 19(a)(2). He, for whatever reason, has chosen not to pursue defendant Schulz in this action. He has not attempted to intervene or otherwise join this action. The statements referenced in the complaint regarding the injury to Mr. Hank and his family are provided for context, and clearly do not rise to the level of the assertion of a claim in this action by Mr. Hank. *See Promatek Ind., Ltd. v. Equitrac Corp.*, 185 F.R.D. 520, 524 (N.D. Ill. 1999). By careful citation (miscitation) to Fed. R. Civ. P. 19, defendant Schulz attempts to avoid the obvious requirement that Mr. Hank claim an interest in the action before he can be joined as a party by Rule 19.[1]

Furthermore, the non-joinder of Mr. Hank will not impair or impede his ability to protect any interests he may have in the subject of this action, as it is clear that Mr. Hank may independently pursue any claims he may have against defendant Schulz in a

---

[1] *See* Defendant Schulz' Motion to Add New Party Plaintiff, at unnumbered p. 5, which states: "Rule 19 of the Federal Rules of Civil Procedure provides, in pertinent part, that the court shall join a party 'if (1) in a person's absence complete relief cannot be accorded among those already parties, or (2) the person . . . is so situated that the disposition of the action in the party's absence may' limit the unnamed party's ability to protect his interest or result in the named party being subject to multiple, inconsistent outcomes."

4

subsequent action. While defendant Schulz argues that this may potentially expose him to "multiple, inconsistent outcomes," this is not the standard under Rule 19. Instead, Rule 19 focuses on a "substantial risk of incurring double, multiple, or otherwise inconsistent <u>obligations</u> by reason of the claimed interest." Fed R. Civ. P. 19(a)(2)(ii) (emphasis added). The Rule does not state inconsistent "judgments," as the plaintiff implies. Instead, the focus is upon the potential inconsistency of obligations. Any judgments against defendant Schulz as a result of his conduct would not be inconsistent, as he has already conceded, each of these plaintiffs has a separate and distinct injury resulting from his conduct.

Mr. Hank is not a necessary party to this action. He has not claimed an interest in this action, and there is no basis to assert that complete relief cannot be afforded to the named parties in this action. The decision to file suit rests with Mr. Hank and with him alone. Defendant may wish to resolve his liability in one action, but that is not the standard for the determination of a "necessary party" under Fed. R. Civ. P. 19.

    **A.**    <u>**Mr. Hank May Not Be Made an "Involuntary Plaintiff"**</u>

If a court determines that an absent party is a necessary party, then the court may order the party's joinder. Fed. R. Civ. P. 19(a). "If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff." *Id.* Therefore, the defendant must first request the non-party to join voluntarily. *Independent Wireless Telegraph Co. v. Radio Corp. of America*, 269 U.S. 459, 473 (1926). Defendant has not done so.

If the non-party refuses that request and he is within the court's jurisdiction, then the

5

court may join the necessary party as a defendant.[2] *Id.* However, where the non-party is outside of the court's jurisdiction, as here, the court may only join him as an "involuntary plaintiff" and only in a "proper case." Fed. R. Civ. P. 19(a); *Commercial Union Insurance Co. v. Cannelton Ind., Inc.*, 154 F.R.D. 164, 168 (W.D. Mich. 1994); *see also Independent Wireless*, 269 U.S. 459.

The term "proper case" in Fed. R. Civ. P. 19(a) is "meant to cover only those instances where the absent party has either a duty to allow the plaintiff to use his name in the action or some sort of an obligation to join the plaintiff in the action." *Eikel v. States Marine Lines, Inc.*, 473 F. 2d 959, 962 (5th Cir. 1973); *Caprio v. Wilson*, 513 F.2d 837, 839 (9th Cir. 1975) ("Rule 19(a)...may be invoked only when the party sought to be joined has a duty to allow plaintiff to use his name in the action."); *Cilco, Inc. v. Copeland Intralenses,*

---

[2]If a party refuses the opportunity to join the action as a plaintiff and is within the jurisdiction of the Court, the Court may join the party as a defendant and then realign the parties pursuant to Fed. R. Civ. P. 21 following service of process. *Independent Wireless*, 269 U.S. 459, 468; *Babcock v. Maple Leaf, Inc.*, 424 F. Supp. 428, 431 (E.D. Tenn. 1976); *Cilco, Inc. v. Copeland Intralenses, Inc.*, 614 F. Supp. 431, 433 n. 2 (S.D.N.Y. 1985).

Mr. Hank, however, cannot be joined as a defendant because this Court does not have jurisdiction over him. In determining whether personal jurisdiction exists, federal courts apply the law of the forum state, subject to constitutional due process limitations. *Welsh v. Gibbs*, 631 F. 2d 436, 439 (6th Cir. 1980), *cert. denied*, 450 U.S. 981 (1981). There are three elements to the due process limitations: (1) the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state; (2) the cause of action must arise from the defendant's activities in the forum state; and (3) the acts of the defendant or consequences must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable. *Serras v. First Tennessee Bank National Assoc.*, 875 F. 2d 1212, 1217 (6th Cir. 1989). If any of these elements are not met, the court does not have jurisdiction over a person.

To purposefully avail himself, the defendant must deliberately engage in significant activities in the forum state or must create continuing obligations to residents in the forum state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475-76 (1985). Mr. Hank is a Mexican citizen and has never visited Ohio. He has not purposefully engaged in significant activities in Ohio, or created continuing obligations to residents in Ohio. In fact, Mr. Hank has no activities in Ohio that relate to this action. Therefore, Mr. Hank does not have the "minimum contacts" necessary for the court to exert jurisdiction over him.

6

*Inc.,* 614 F. Supp. 431, 433 n.2 (S.D.N.Y. 1985) ("A person may be joined as an involuntary plaintiff only where he has an obligation to participate in the suit."). Joinder as an involuntary plaintiff is appropriate only when a non-party has an obligation to join the action or has a duty to allow the named plaintiffs to use his name in the action. *Id.* Accordingly, Rule 19(a) is applied "almost exclusively in patent and copyright infringement cases." *Caprio,* 513 F.2d at 839.

The defendant relies on *Studebaker Corp. v. Algripco, Inc.,* 331 F. Supp. 375 (N.D. Ohio 1970), as a basis to add Mr. Hank to this action as a plaintiff. However, *Studebaker* is easily distinguishable. *Studebaker* falls into the well-established category of patent cases where the non-party has an obligation to join or a duty to allow the named plaintiffs to use his name in the action. *Id.* at 378. No such obligations apply here.[3]

There is no relationship between the named party plaintiffs and Mr. Hank which would require Mr. Hank's participation in this action. Mr. Hank has no obligation or duty to participate in this case. Joinder of Mr. Hank as an "involuntary plaintiff" would be inappropriate.

---

[3] Plaintiff also cites *House v. Mine Safety Appliances Company*, 573 F.2d 609, 622 (9th Cir. 1978) as support for his motion. This case is also easily distinguished as it relates only to the <u>potential</u> to add a party as a defendant, pursuant to Rule 19, and then realign that party to a necessary plaintiff pursuant to Rule 21. Such joinder and realignment is possible only where the Court has jurisdiction over the necessary party. *See Independent Wireless*, 269 U.S. at 468.

7

## II.     Carlos Hank Rhon Cannot Be Forcibly Added As A Party Plaintiff To This Action Under Fed. R. Civ. P. 20 or 21

Permissive joinder of parties is controlled by Fed. R. Civ. P. 20.  This Rule states in pertinent part:

> All persons may join in one action <u>as plaintiffs if they assert</u> any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action. All persons . . . may be joined in one action <u>as defendants if there is asserted against them</u> jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a) (emphasis added).

Rule 20, on its face, indicates that a party can be joined as a defendant, even if that party does not consent.  However, a party may only join an action as a plaintiff if that party <u>asserts a right</u> to relief.  "It is fundamental that no one can be compelled to join in a lawsuit [as a plaintiff] if he does not wish to do so."  *Davis v. St. Louis-Southwestern Railway Co.*, 99 F.Supp. 751 (W.D. La. 1951); *Eikel,* 473 F. 2d at 962  ("The law generally disfavors joinder of a party as a plaintiff.").  Therefore, a party must consent to joining the action as a plaintiff in order to be joined under Rule 20 as a plaintiff. Further, "Rule 21 has been used to join potential plaintiffs who meet the requirements of Rule 20 and who subsequently consent to being joined." *Pan American World Airways, Inc. v. United States District Court for Central District of California*, 523 F. 2d 1073, 1080 (9th Cir. 1975)[4].  This is clearly not the case here.

Mr. Hank has not asserted any right to relief in this action.  Accordingly, he has not

---

[4] *See* footnote 3, *supra.*

8

consented, in any way, to joining this action. The decision to pursue any claims he may have against defendant Schulz rests solely with him. Defendant Schulz cannot force Mr. Hank to pursue redress. Rule 20 does not permit the addition of an "involuntary plaintiff." The only mechanism under the federal rules allowing the addition of such a plaintiff is through the application of Fed. R. Civ. P. 19, and as demonstrated above, that rule is inapplicable to the instant matter. Defendant Schulz must defend against the claims brought and cannot compel the assertion of claims on behalf of others who have chosen not to do so.

## **Conclusion**

Based on the foregoing, Plaintiffs respectfully request this Court to deny defendants' motion to add new party plaintiff.

Respectfully submitted,

 /s/ Colin R. Jennings
Patrick M. McLaughlin   (0008190)
John F. McCaffrey        (0039486)
Colin R. Jennings          (0068704)
McLAUGHLIN & McCAFFREY, LLP
Eaton Center, Suite 1350
1111 Superior Avenue
Cleveland, Ohio 44114-2500
(216) 623-0900  - Telephone
(216) 623-0935  - Facsimile
pmm@paladin-law.com

Ricardo G. Cedillo
Jason R. Cliffe
DAVIS, CEDILLO & MENDOZA
Harte-Hanks Tower, Suite 400
200 Concord Plaza Drive
San Antonio, Texas   78216-6950
(210) 822-6666 - Telephone
(210) 822-1151 - Facsimile

Counsel for plaintiffs

9

**Certificate of Service**

I hereby certify that a copy of the foregoing Plaintiffs' Brief in Opposition to Defendant's Motion to Add New Party Plaintiff was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system on this the 26th day of June, 2001.  Parties may access this filing through the Court's system.

/s/ Colin R. Jennings
Colin R. Jennings