# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| LAREDO NATIONAL BANCSHARES, INC., et al., | ) ) ) | CASE NO. 1:00CV2081 |
| Plaintiffs, | ) ) | JUDGE WELLS |
| vs. | ) ) ) ) ) ) ) | DEFENDANT'S MOTION FOR LEAVE TO FILE REPLY TO PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO ADD NEW PARTY PLAINTIFF |
| DONALD E. SCHULZ, | ) ) | |
| Defendant. | ) | |

Defendant, Donald E. Schulz, by and through counsel moves the Court for an order granting him leave to file a Reply to Plaintiffs' Brief in Opposition to Defendant's Motion to Add New Party Plaintiff, a copy of which is attached hereto.  Plaintiffs' Brief in Opposition improperly characterizes Defendant's arguments, thus necessitating the need for further explanation of Defendant's position.  This motion for leave is not made for purposes of delay, but is made to clarify the justification for adding Mr. Carlos Hank Rhon as a new party plaintiff.

Respectfully submitted,

/s/ Philip J. Weaver, Jr.
Philip J. Weaver, Jr. (0025491)
Smith, Marshall, Weaver & Vergon
500 National City-E. 6th Bldg.
1965 East 6th Street
Cleveland, Ohio 44114
(216) 781-4994

Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of July, 2001 a copy of the foregoing Defendant's Motion For Leave to File Reply to Plaintiffs' Brief in Opposition to Defendant's Motion to Add New Party Plaintiff was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. In addition, a copy of the foregoing document was served by first class U.S. mail, postage prepaid, this 5th day of July, 2001 upon Patrick M. McLaughlin, Esq., Attorney for Plaintiff, McLaughlin & McCaffrey, LLP, Eaton Center, 1111 Superior Avenue, Suite 1350, Cleveland, Ohio 44114-2500.

/s/ Philip J. Weaver, Jr.
Philip J. Weaver, Jr.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| LAREDO NATIONAL BANCSHARES, INC., et al., ) | CASE NO. 1:00CV2081 |
| Plaintiffs, ) | JUDGE WELLS |
| vs. ) | REPLY TO PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANT SCHULZ'S MOTION TO ADD NEW PARTY PLAINTIFF |
| DONALD E. SCHULZ, ) | |
| Defendant. ) | |

## INTRODUCTION

Plaintiffs' opposition to the addition of Mr. Carlos Hank Rhon as a named party is not unexpected because Defendant is requesting an unusual remedy for an unusual situation. However, Plaintiffs have apparently misunderstood the rationale for the addition of Mr. Hank. Defendant's motion clearly states that alleged injuries to the named Plaintiffs are "virtually inseparable from mentions of Carlos Hank Rhon."[1] Defendant has not and will not concede that named Plaintiffs "have <u>independent</u> standing, i.e. injury " that can be pursued without the addition of Mr. Hank.[2] In particular, Defendant disagrees with Plaintiffs' characterization that a stake or interest in this suit, i.e. standing, automatically

---

[1] See Motion to Add New Party Plaintiff, at unnumbered p. 4

[2] See Plaintiffs' Brief in Opposition to Defendant's Motion to Add New Party Plainiff at p. 2 (emphasis added)

equals an independent cause of action for alleged injuries on behalf of the named Plaintiffs that is separate and distinct from that of Carlos Hank Rhon. Further, as an officer and controlling owner of a U.S. corporation, Mr. Hank Rhon is subject to the jurisdiction that his corporation chose when it pursued Defendant in this Court.  Finally, Defendant seeks to clarify the meaning of the phrase "multiple, inconsistent obligations" as it relates to exposing Defendant to unfair and inconsistent judgments.

LAW AND ARGUMENT

    A.   <u>F.R.C.P. 19 Does Compel That Mr. Hank Be Made A Party</u>.

        1. <u>Mr. Hank Does Claim An Interest</u>.

While Plaintiffs have sought to diminish the importance of efficiency when adjudicating a matter resulting from a series of related, intertwined events and have relegated the numerous allegations in their Complaint relating to Mr. Hank to mere "context," Defendant contends that proper and final adjudication of this matter is only possible if Carlos Hank Rhon is a named plaintiff.[3]

Mr. Hank either individually or as Chairman of the Board and controlling owner of Laredo National Bancshares, Inc. is the focus of the allegedly defamatory news articles quoted in Paragraph 92 of the Complaint.  As such, Mr. Hank clearly has an interest in how his bank holding company and its bank fare in this litigation.  The Complaint at Paragraph 17 admits that Mr. Hank, as the leader of Laredo National Bancshares, Inc., claims an interest in this case.  Thus, Mr. Hank has a direct financial and personal interest here.

---

[3]    See *Id*. at p. 4

2

### 2. Donald Schulz Is Substantially At Risk of Incurring Multiple Or Inconsistent Obligations.

Rule 19 (a)(2)(ii) requires that a defendant be subject to "substantial risk of incurring double, multiple or otherwise inconsistent obligations by reason of the claimed interest." Plaintiffs claim that "obligations" does not imply outcomes or judgments.[4] According to Black's Law Dictionary, obligation is a very broad word that depends on context and can include "any duty imposed by law," something "which renders a person liable to coercion and punishment for neglecting it," or "[a]n obligation or debt may exist by reason of a judgment."[5] Accordingly, Defendant contends that allowing this suit to continue without the addition of Carlos Hank Rhon does create a substantial risk of exposing Defendant to multiple, inconsistent obligations because Plaintiffs' claims are inseparable from Mr. Hank's and differing judgments would amount to inconsistent obligations under Rule 19.

Clearly, Defendant's concern is that he will prevail in the current suit, only to have to defend himself against the same allegations arising from the same series of events in a later suit filed by Mr. Hank. Should Defendant lose the second suit, he is exposed to "multiple, inconsistent obligations."

### B. Mr. Hank Has Submitted To This Court's Jurisdiction And/Or Is Subject To Service Of Process.

As the controlling owner, head and leader of Laredo National Bancshares, Inc. Mr. Hank is bound by his company's forum choice. Indeed, by Mr. Hank's explicit or implicit direction, his companies purposefully availed themselves of this Court's

---

[4]  See Plaintiffs' Brief in Opposition at p. 5.

[5]  Black's Law Dictionary, (5th ed. 12th prtg. 1988) at p. 968.

3

jurisdiction by filing suit in Ohio and causing service of process to issue here upon Defendant.  Thus, Mr. Hank is also subject to service of process here.

### CONCLUSION

The news articles that are at the heart of this case mention the named Plaintiffs only in passing.  The articles' clear import is to report on Mr. Hank and his family. Mr. Hank's absence from this case is conspicuous.  As the bank's controlling owner and Board Chairman, Mr. Hank, who has curiously not voluntarily joined in this case, should be compelled to be a party plaintiff as required by F.R.C.P. 19.  Only then can Donald Schulz confront his true accuser and defend against the real party in interest.

Respectfully submitted,


/s/ Philip J. Weaver, Jr.
Philip J. Weaver, Jr. (0025491)
Smith, Marshall, Weaver & Vergon
500 National City-E. 6th Bldg.
1965 East 6th Street
Cleveland, Ohio 44114
(216) 781-4994

Attorney for Defendant Donald E. Schulz

4

CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of July, 2001 a copy of the foregoing Reply to Plaintiffs' Brief in Opposition to Defendant's Motion to Add New Party Plaintiff was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. In addition, a copy of the foregoing document was served by first class U.S. mail, postage prepaid, this 5th day of July, 2001 upon Patrick M. McLaughlin, Esq., Attorney for Plaintiff, McLaughlin & McCaffrey, LLP, Eaton Center, 1111 Superior Avenue, Suite 1350, Cleveland, Ohio 44114-2500.

/s/ Philip J. Weaver, Jr.
Philip J. Weaver, Jr.