# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| Laredo National Bancshares Inc., et al., | ) | Civil Action No. 1:00 CV 2081 |
| | ) | |
| Plaintiffs, | ) | Judge Lesley Wells |
| | ) | Magistrate Judge Nancy Vecchiarelli |
| vs. | ) | |
| | ) | |
| Donald E. Schulz, et al., | ) | **Plaintiffs' Motion to Dismiss** |
| | ) | **Counterclaim** |
| Defendants. | ) | |

Now come Laredo National Bancshares, Inc. ("LNBI"), The Laredo National Bank ("LNB") and Gary G. Jacobs ("Mr. Jacobs") collectively referred to as plaintiffs and move this Court, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss the counterclaim for failure to state a claim upon which relief can be granted.  A brief in support of this motion is attached.

Respectfully submitted,

/s/ Patrick M. McLaughlin

Patrick M. McLaughlin   (0008190)
John F. McCaffrey        (0039486)
Colin R. Jennings        (0068704)
McLAUGHLIN & McCAFFREY, LLP
Eaton Center, Suite 1350
1111 Superior Avenue
Cleveland, Ohio 44114-2500
(216) 623-0900  - Telephone

(216) 623-0935  - Facsimile
pmm@paladin-law.com
Ricardo G. Cedillo
Jason R. Cliffe
DAVIS, CEDILLO & MENDOZA
Harte-Hanks Tower, Suite 400
200 Concord Plaza Drive
San Antonio, Texas   78216-6950
(210) 822-6666 - Telephone
(210) 822-1151 - Facsimile

Counsel for plaintiffs

## **B R I E F**

### **Preliminary Statement**

Defendant Donald Schulz has filed a "counterclaim" against the plaintiffs. Schulz' counterclaim attempts to assert a claim of intentional infliction of emotional distress; a claim of defamation; a claim that this is a frivolous case; and a claim involving a first amendment issue.  However, defendant Schulz' "counterclaim" fails to state a claim upon which relief can be granted and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### **Law and Argument**

In an effort to liberally interpret the counterclaim, Schulz appears to be asserting a claim for intentional infliction of emotional distress, a claim of defamation, a claim that this is a frivolous case, a claim rising a first amendment issue, and seeks sanctions.[1]  Each of

---

[1] As the counterclaim purports to arise from the filing of the instant action, the "claims" are construed under Ohio law.  However, as this Court noted at the case management conference, the choice of law issues in this case are particularly complex.  The submission of this motion does

these claims will be addressed more fully below, however, it is clear that none provide a basis for relief as a counterclaim in accordance with Rule 13 and, therefore, pursuant to Rule 12(b)(6) should be dismissed for failing to state a claim.

Defendant Donald Schulz' amended answer and counterclaim includes a counterclaim on page 4 (incorrectly numbered page 2) which provides as follows:

> 1. I view this Complaint as a frivolous and venomous attack on me as a government employee assigned to do analytical research for military and national security issues. It is in violation of my First Amendment rights and other rights, and is further an attempt to unlawfully silence legitimate academic research, journalistic reporting and governmental intelligence gathering. I have been damaged in my reputation and pocketbook, as well as emotionally. Consequently, I ask for damages from the court or jury against Plaintiffs and/or their lawyers.

### The Counterclaim Should Be Dismissed For Failure To State A Claim

In evaluating a motion to dismiss under Rule 12(b)(6), the Court accepts as true all factual allegations in the pleading and construes ambiguous allegations in the claimant's favor. *See In Re Sofamor Danek Group, Inc.*, 123 F.3d 394, 400 (6th Cir. 1997). In order for a dismissal to be proper it must appear beyond doubt that the claimant would not be able to recover under any set of facts that could be presented consistent with the allegations of the complaint. *Bower v. Federal Express Corp.*, 96 F.3d 200, 203 (6th Cir. 1996). Each "claim" will be addressed individually.

**I.     Intentional Infliction of Emotional Distress**

---

not constitute an assertion that Ohio law governs the rights and liabilities of the parties with respect to the initial complaint. Instead, Ohio law is applied only in an effort to broadly construe the counterclaim.

To establish a claim for intentional infliction of emotional distress under Ohio law, a person must show:

1. That the acts either intended to cause emotional distress or knew or should have known that actions taken would result in serious emotional distress to the complainant;

2. That the actor's conduct was so extreme and outrageous as to go beyond all possible bounds of decency and with such that it can be considered as utterly intolerable in a civilized community;

3. That the actor's actions were the proximate cause of the complainant's physic injury; and

4. That the mental anguish suffered by the complainant is serious and of a nature that no reasonable man could be expected to endure it.

*See Tschantz v. Ferguson* (1994), 97 Ohio App.3d 693, 702, 647 N.E.2d 507.

Counterclaimant Schulz has not alleged conduct that is sufficiently extreme or outrageous to support a claim for intentional infliction of emotional distress. Notably, Schulz' claim is based upon plaintiffs' use of the legal process. One Restatement (2nd) of Torts, §45, CMT, G., page 76.

The use of the legal process is generally privileged. *See Scott v. Spearman* (1996), 115 Ohio App.3d 52, 58 (legally sanctioned act cannot give rise to tort of intentional infliction of emotional distress). Even the filing of a "groundless suit" amounts to nothing more than an assertion of legal rights in a permissible way. *Early Detection Center P.C. v. New York Life Insurance Co.*, 157 Mich. App. 618, 625, 403 N.W.2d 830 (Mich. App. 1986). Schulz' counterclaim merely states that he views this lawsuit as a frivolous and

venomous attack on him.  However, by resorting to a court of law for the resolution of this dispute, plaintiffs have followed what a civilized society would consider the most appropriate form of conduct.  *Id.; see also, Delorean v. Cork Gully*, 118 B.R. 932, 947 (E.D. Mich. 1990) ("There can be no claim for tortious infliction of emotional distress where the defendant's alleged misconduct consists of actions taken in legal proceedings.").  Further, Ohio courts have upheld the imposition of summary judgment on intentional infliction of emotional distress claims arising from allegations of abuse of process.  *See Levine v. Complete Office Supply, Inc.*, Case No. 70006, 1996 WL 502148, unreported (8th Dist. Ct. App., Sept. 5, 1996).  In that case, the court stated that such claims must be viewed in context.  "There are situations naturally fraught with antagonism and emotion where a person must be expected to endure the resultant antagonism and mental anguish."  *Id.* at *4.  The court, viewing litigation as such a situation, easily entered summary judgment on plaintiffs' claim.  *Id.* at *6.  Thus, the allegations in Schulz' counterclaim may not be characterized as outrageous and atrocious and cannot form the basis for a claim of intentional infliction of emotional distress.

Furthermore, a claim for intentional infliction of emotional distress only arises where emotional distress has in fact resulted and where it is severe.  *See Dickerson v. International United Auto Workers Union* (1994), 98 Ohio App.3d 171, 178-98.  Schulz has alleged neither, requiring dismissal of his claim.  *Id.* at 183. ("[A] court may decide whether a [plaintiff] has stated a cause of action by ruling on whether the emotional distress alleged is serious as a matter of law.").  For these reasons Schulz' counterclaim should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

## II. Defamation

Schulz alleges that the plaintiffs have caused damage to his reputation. Assuming this is an attempt to claim the plaintiffs have defamed the defendant, plaintiffs show that defendant has failed to state such a claim and therefore, it should be dismissed.

To make out a *prima facia* case for defamation, a party must allege:

1. A false and defamatory statement concerning another;

2. An unprivileged publication to a third party;

3. Fault amounting to at least negligence by the publisher; and

4. Either the actionability of the statements regardless of special harm or the existence of special harm caused by the publication.

*Jackson v. City of Columbus*, 194 F.3d 737, 757 (6th Cir. 1999)

Schulz only complains of the filing of this lawsuit as causing damage to his reputation. A statement made in a judicial proceeding generally enjoys an absolute privilege against a defamation action as long as the allegedly defamatory statement is reasonably related to the proceeding. *Snyder v. AG Trucking, Inc.*, 57 F.3d 484, 490 (6th Cir. 1995); *Theiss v. Scherer*, 396 F.2d 646, 649 (6th Cir. 1968). Schulz has made no allegations of plaintiffs defaming him in any manner other than this lawsuit. Therefore, under the doctrine of absolute privilege in a judicial proceeding, a claim alleging a defamatory statement made in a written pleading, does not state a cause of action because the allegedly defamatory remark bears some reasonable relation to the judicial proceeding. *Surace v. Wuliger* (1986), 25 Ohio St.3d 229, 233. For these reasons, any claim of defamation asserted by Schulz in his counterclaim should be dismissed for failure to state a claim pursuant to Fed.

6

R. Civ. P. 12(b)(6).

### III. First Amendment Issue

Schulz appears to be raising a First Amendment issue in his counterclaim by stating that the lawsuit is in violation of his First Amendment rights. However, Schulz cannot make a First Amendment claim against plaintiffs because plaintiffs are not a governmental entity. The First Amendment prohibits only the federal government and, through the Fourteenth Amendment a state government, not private individuals, from abridging the freedom of speech. *Denver Area Educational Telecommunications Consortium, Inc. v. F.C.C.*, 518 U.S. 727, 737, 135 L.Ed.2d 888, 116 S. Ct. 2374 (1996).

### IV. Allegedly Frivolous Suit

To the extent Schulz is seeking sanctions for plaintiffs filing of an allegedly frivolous claim, that request for relief is properly submitted by motion to the court rather than by counterclaim. *See* Fed. R. Civ. P. 11.

### Conclusion

Based on the foregoing, plaintiffs respectfully move this Court to dismiss defendant Donald Schulz' counterclaim pursuant to Rule 12(b)(6).

        Respectfully submitted,

        /s/ Patrick M. McLaughlin
        Patrick M. McLaughlin   (0008190)
        John F. McCaffrey      (0039486)
        Colin R. Jennings       (0068704)

McLAUGHLIN & McCAFFREY, LLP
Eaton Center, Suite 1350
1111 Superior Avenue
Cleveland, Ohio 44114-2500
(216) 623-0900  - Telephone
(216) 623-0935  - Facsimile
pmm@paladin-law.com

Ricardo G. Cedillo
Jason R. Cliffe
DAVIS, CEDILLO & MENDOZA
Harte-Hanks Tower, Suite 400
200 Concord Plaza Drive
San Antonio, Texas   78216-6950
(210) 822-6666 - Telephone
(210) 822-1151 - Facsimile

Counsel for plaintiffs

**Certificate of Service**

    I hereby certify that a copy of the foregoing Plaintiffs' Motion to Dismiss Counterclaim was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system on this the 9th day of July, 2001. Parties may access this filing through the Court's system.

 

                                                  Patrick M. McLaughlin