**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| LAREDO NATIONAL BANCSHARES, INC., *et al.*, | ) ) ) | CASE NO. 1:00 CV 2081 |
| Plaintiffs, | ) ) | JUDGE LESLEY WELLS |
| v. | ) ) ) | MAGISTRATE JUDGE VECCHIARELLI |
| DONALD E. SCHULZ, *et al.*, | ) ) | **REPORT AND RECOMMENDATION** |
| Defendants. | ) | |

Pending before the undersigned United States Magistrate Judge is plaintiffs's Laredo National Bancshares, Inc., *et al.* ("Plaintiffs") Motion to Dismiss Counterclaim. (Doc. No. 46.) Judge Wells referred this matter on August 14, 2001 for a report and recommendation. (Doc. No. 53.) For the reasons set out more fully below, the Magistrate Judge recommends that Plaintiffs's Motion to Dismiss Counterclaim (Doc. No. 46) be GRANTED.

**Procedural History**

Plaintiffs filed a complaint in this Court on August 15, 2000. (Doc. No. 1.) On December 6, 2000, Judge Wells denied non-party Walker F. Todd's Motion to Intervene. (Doc. No. 27.) On June

1, 2001, defendant Donald E. Schulz ("Defendant") filed a Motion for Leave for Joinder (Doc. No. 38), which the undersigned Magistrate Judge recommended be denied. (Doc. No. 54.) On June 26, 2001, Defendant filed an Amended Answer and a Counterclaim. (Doc. No. 42.) On July 13, 2001, Plaintiffs filed a Rule 12(b)(6) Motion to Dismiss Counterclaim. (Doc. No. 46.)

## Pleadings

In its Complaint, Plaintiffs allege the following. The White Tiger is a large study on the United States' war on drugs and drug traffickers. (Complaint, p. 2-3.) It is the culmination of 56 separate Drug Enforcement Administration criminal investigations; 28 separate Federal Bureau of Investigation criminal investigations; 140 Internal Revenue Service and Financial Services Task Force criminal investigations; and Central Intelligence Agency, Defense Intelligence Agency and other criminal investigations. (Complaint, p. 2-3.) The White Tiger's purpose is to eradicate the drug trafficking and money laundering responsible, reportedly, for the flow of about 70% of the cocaine and 18% of the heroin into the United States. (Complaint, p. 2-3.)

Plaintiffs allege that Defendant, currently the Political Science Department Chairman at Cleveland State University, while employed as a civilian research professor at the United States Army War College Strategic Studies Institute, obtained and leaked to the press a draft executive summary of the White Tiger. (Complaint, p. 4.) Plaintiffs further allege that as a result of Defendant's media leak, newspaper articles appeared, which contained disinformation about National Bancshares, Inc. ("LNBI"), National Bank ("LNB"), the President of LNB Mr. Jacobs, LNBI's Chairman, and Mexico's Hank family. (Complaint, p. 4.)

Defendant has denied the allegations. (Defendant's Amended Answer and Counterclaim.) The

Counterclaim states the following :

> I view this Complaint as a frivolous and venomous attack on me as a government employee assigned to do analytical research for military and national security issues. It is in violation of my First Amendment rights and other rights, and is further an attempt to unlawfully silence legitimate academic research, journalistic reporting and governmental intelligence gathering. I have been damaged in my reputation and pocketbook, as well as emotionally. Consequently, I ask for damages from the court or jury against Plaintiffs and/or their lawyers.

Defendant, who is represented by counsel, asserts that this Counterclaim allege five claims: (1) intentional infliction of emotional distress, (2) defamation, (3) frivolous case, (4) a first amendment violation and (5) abuse of process. Plaintiffs argue that the first four claims of the Defendant should be dismissed under Rule 12(b)(6), but did not address the abuse of process claim. Each claim will be discussed in turn.[1]

### Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides among other things that a claim or counterclaim may be dismissed if it fails to state a claim upon which relief can be granted. A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) "should not be granted unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). All well-pleaded allegations must be taken as true and construed most favorably toward the non-movant. *Mayer v. Mylod,* 988

---

[1] Although choice of law may be an issue in this case, for purposes of Plaintiff's Motion to Dismiss, the parties have indicated that Ohio law is applicable. (Plaintiff's Motion to Dismiss Counterclaim, p. 2 & Defendant's Memorandum in Opposition to Plaintiff's Motion to Dismiss Counterclaim, p. 4.)

3

F.2d 635, 637 (6th Cir. 1993). While a court may not grant a Rule 12(b)(6) motion based on disbelief of a complaint's factual allegations, *Lawler v. Marshall,* 898 F.2d 1196, 1199 (6th Cir. 1990), the court "need not accept as true legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir.1987). Consequently, a complaint or counterclaim will not be dismissed pursuant to Rule 12(b)(6) unless there is no law to support the claims made, the facts alleged are insufficient to state a claim, or there is an insurmountable bar on the face of the complaint.

## Analysis

### *Intentional Infliction of Emotional Distress*

In his Counterclaim, Defendant alleges that Plaintiffs intentionally inflicted emotional distress upon him by filing this case. (Defendant's Amended Answer and Counterclaim, unnumbered p. 5.) In order to sustain a claim for intentional infliction of emotional distress, a plaintiff must present evidence

> (1) that the actor either intended to cause emotional distress or knew or should have known that actions taken would result in serious emotional distress to the plaintiff; (2) that the actor's conduct was so extreme and outrageous as to go "beyond all possible bounds of decency" and was such that it can be considered as "utterly intolerable in a civilized community" Restatement of Torts 2d (1965) 73, Section 46, comment d; (3) that the actor's actions were the proximate cause of plaintiff's psychic injury; and (4) that the mental anguish suffered by plaintiff is serious and of a nature that "no reasonable man could be expected to endure it," Restatement of Torts 2d 77, Section 46, comment j.

*Ashcroft v. Mount Sinai Med. Ctr.*, 588 N.E.2d 280, 282 (Ohio Ct. App. 1990) (paragraph five of the syllabus); *see also Yeager v. Local Union 20*, 453 N.E.2d 666, 667 (Ohio 1983) (paragraph one of the syllabus).

4

As one Ohio court summarized, liability for intentional infliction of emotional distress attaches "only where the conduct is so outrageous in character and so extreme in degree that it goes beyond all possible bounds of decency and is regarded as atrocious and utterly intolerable in a civilized society. . . . The recitation of the facts of the case should lead an average member of the community to exclaim, '*Outrageous*!'" *Bailey v. Searles-Bailey*, 746 N.E.2d 1159, 1164 (Ohio Ct. App. 2000) (citing *Yeager*, 453 N.E.2d at 671) (emphasis in original). "It [is not] enough that the defendant has acted with an intent which is tortious or even criminal. . . ." *Yeager*, 453 N.E.2d at 671 (quoting RESTATEMENT (SECOND) OF TORTS § 46(1) (1965)).

In Ohio, the filing of a complaint does not give rise to liability for intentional infliction of emotional distress. *Southern Ohio Medical Center v. Harris*, No. 98 CA. 2604, 1999 WL 729256, at *4 (658 N.E.2d 1072 (Ohio Ct. App. 1999)) (Holding "[t]he mere filing of a complaint, without more, is insufficient to demonstrate the sort of extreme and outrageous conduct addressed by the tort of intentional infliction of emotional distress.") As the filing of the Complaint is the basis of Defendant's intentional infliction of emotional distress claim, the claim fails as a matter of law. Therefore, the Magistrate Judge recommends that this claim be dismissed.

*Defamation*

Defendant alleges that the lawsuit filed by Plaintiffs caused damage to his reputation. (Defendant's Amended Answer and Counterclaim, unnumbered p. 5.) To make a *prima facia* case for defamation, a party must allege:

> (1) A false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault amounting to at least negligence by the publisher; and (4) either the actionability of the

5

> statements regardless of special harm or the existence of special harm caused by the publication.

3 Restatement of the Law 2d, Torts (1977) 155, Section 558, as adopted by *Akron-Canton Waste Oil v. Safety-Kleen Oil Services, Inc.*, 611 N.E.2d 955 (Ohio Ct. App. 1992).

Statements made in judicial proceeding enjoy absolute privilege against defamation action so long as the alleged defamatory statement is reasonably related to proceeding in which it appears. *See Hecht v. Levin*, 613 N.E.2d 585 (Ohio 1993). As the lawsuit is a judicial proceeding and Defendant relied upon the existence and the filing of the lawsuit as a source of defamation, his claim of defamation fails as a matter of law. Thus, the Magistrate Judge recommends that Defendant's defamation claim be dismissed pursuant to Rule 12(b)(6).

*Frivolous Lawsuit*

Defendant alleges that Plaintiffs filed a frivolous lawsuit. (Defendant's Amended Answer and Counterclaim, unnumbered p. 5.) OHIO REVISED CODE § 2323.51(B)(1) provides in relevant part:

> . . . at any time prior to the commencement of the trial in civil action or within twenty-one days after the entry of judgment in a civil action . . . the court may award court costs, reasonable attorney's fees, and other reasonable expenses incurred in connection with the civil action or appeal to any party who was adversely affected by frivolous conduct.

"Conduct" is defined as "the filing of a civil action, the assertion of a claim, defense, or other position in connection with a civil action, or the taking any other action in connection with a civil action." O.R.C. § 2323.51(A)(1)(a). "Frivolous conduct" is conduct of a party to civil action that either: (1) "serves merely to harass or maliciously injure another party to the civil action or appeal" or (2) "is not warranted under existing law and cannot be supported by a good faith argument for an extension,

6

modification, or reversal of existing law." O.R.C. § 2323.51 (2)(a).

The Magistrate Judge agrees with the Tenth District Court of Appeals of Ohio which held that O.R.C. § 2323.51 does not create a separate cause of action for frivolous conduct. *See Shaver v. Wolske & Blue*, 742 N.E.2d 164 (Ohio Ct. App. 2000); *see also Luchansky v. Brown Jagnow*, No. 97 CA 191, 1998 WL 635871 (Ohio Ct. App. Sept. 11. 1998)(unreported). As noted by the Tenth District, O.R.C. § 2323.51 "requires that it be invoked by motion during the course of proceedings, rather than asserted as a cause of action, and is to be decided by the judge as a matter of law, rather of than the jury." *See Shaver*, 742 N.E.2d at 178. There is no basis for concluding that Ohio otherwise allows an independent cause of action for frivolous conduct. Accordingly, the Magistrate Judge recommends that Defendant's frivolous lawsuit claim be dismissed pursuant to Rule 12(b)(6).

*First Amendment*

Defendant alleges that the lawsuit filed by Plaintiffs is a violation of his First Amendment rights. (Defendant's Amended Answer and Counterclaim, unnumbered p. 5.) The First Amendment and the Fourteenth Amendment prohibit only governmental entities from violating the First Amendment. *See Denver Area Educational Telecommunications Consortium, Inc. v. F.C.C.*, 518 U.S. 727, 737 (1996). In his Counterclaim, Defendant has not alleged that Plaintiffs are governmental entities. Therefore, the Magistrate Judge recommends that Defendant's First Amendment claim be dismissed pursuant to Rule 12(b)(6).

*Abuse of Process*

The Defendant's Answer and Counterclaim were signed by an attorney. The Magistrate Judge

will not treat this pleading as though it were brought by a party, *pro se*.

Federal Rule of Civil Procedure 8(a) provides in relevant part:

> A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain...(2) a short and plain statement of the claim showing that the pleader is entitled to relief...

The Court's inquiry at this point is merely whether the challenged pleading sets forth allegations sufficient to make out the elements of a right to relief. *See California Motor Transport Co. v. Trucking Unlimited*, 404 U.S. 508, 515 (1972)(Discussing a Rule 12(b)(6) motion).

> To make a *prima facia* case of abuse of process, a party must allege:
>
> > (1) that a legal proceeding has been set in motion in proper form and with probable cause; (2) that the proceeding has been perverted to attempt to accomplish an ulterior purpose for which it was not designed; and (3) that direct damage has resulted from the wrongful use of process.

*Yaklevich v. Kemp, Schaeffer & Rowe Co., L.P.A.*, 626 N.E.2d 115, 116 (Ohio 1994).

Defendant's Counterclaim does not allege that a legal proceeding has been set in motion in proper form and with probable cause. In fact, the Counterclaim appears to be alleging that the legal proceeding was not in proper form and was without probable cause. Therefore, because Defendant has failed to assert an element of abuse of process, the Magistrate Judge recommends that the claim be dismissed.

**Continued on Next Page**

## Conclusion

For the forgoing reasons, the Court recommends that the Plaintiffs's Motion to Dismiss Counterclaim (Doc. No. 46) be GRANTED.

/s/ Nancy A. Vecchiarelli
Nancy A. Vecchiarelli
U.S. Magistrate Judge

Date: October 15, 2001

## OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of this notice. Failure to file objections within the specified time may waive the right to appeal the District Court's order.** *See United States v. Walters*, **638 F.2d 947 (6th Cir. 1981).** *See also Thomas v. Arn*, **474 U.S. 140 (1985),** *reh'g denied*, **474 U.S. 1111 (1986).**