## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| LAREDO NATIONAL | ) | CASE NO. 1:00CV2081 |
| BANCSHARES, INC., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | MAGISTRATE JUDGE |
| | ) | VECCHIARELLI |
| | ) | |
| vs. | ) | DEFENDANT'S OBJECTIONS |
| | ) | TO MAGISTRATE JUDGE'S |
| DONALD E. SCHULZ, | ) | OCTOBER 15, 2001 REPORT |
| | ) | AND RECOMMENDATION |
| Defendant. | ) | |

Defendant, Donald E. Schulz, objects to the October 15, 2001 Report and Recommendation of the Magistrate Judge in the following respects.

I.    Intentional Infliction of Emotional Distress.

Defendant agrees with the general proposition that the mere filing of a complaint, without more, is insufficient to state a claim for intentional infliction of emotional distress. Defendant, however, has alleged and proffered that more than the mere filing of the Complaint is involved here. Defendant contends that Plaintiffs' ulterior, improper motives that underlie the Complaint are sufficient to withstand a motion to dismiss. Defendant intends to prove that Plaintiffs have used and continue to use their extensive wealth and power to harass, intimidate and threaten Defendant and other legitimate academic and governmental researchers and news reporters via the litigation process. Thus, it has been

more than the mere filing of the Complaint that forms the basis of Defendant's intentional infliction of emotional distress claim.  By way of example, during depositions of certain United States government officials, Plaintiffs have inquired into why Defendant has not been investigated, whether Defendant's alleged conduct was criminal in nature and inferring why Defendant has not been prosecuted.  In other words, Plaintiffs have done more than simply file a Complaint, but have fostered their harassment, intimidation and threats directed toward Defendant and others thus making a claim for severe emotional distress enviable so as to raise jury questions.

II.     Abuse of Process.

As the court noted, Plaintiffs in their Motion to Dismiss did not seek dismissal of Defendant's abuse-of-process claim.  This omission was purposeful and is telling because Plaintiffs contend that this legal proceeding has been brought in proper form and with probable cause.  Indeed, Plaintiffs cannot contend otherwise.  Defendant's counterclaim presumes, without admitting the truth thereof, that Plaintiffs' Complaint is in improper form and based upon probable cause.  Consequently, the first element of an abuse-of-process claim (a legal proceeding brought in proper form and with probable cause) is satisfied.  The Ohio Supreme Court has not required abuse-of-process claimants to allege, under notice pleading requirements, that the legal proceeding is in proper form and with

probable cause, but rather holds that this first element of an abuse-of-process claim must

be <u>proved</u>.[1]  Indeed, the Complaint in *Yaklevich* alleged that the litigation upon which the abuse-of-process claim arose was brought "maliciously and without probable cause."[2]

The Magistrate Judge's Report and Recommendation concludes that Defendant's counterclaim should be dismissed for failing to assert this first element of an abuse-of-process claim.  Respectfully, this recommendation is in error since Defendant will be able to prove through testimony from Plaintiffs that Plaintiffs believe their Complaint has been brought in proper form and with probable cause.  Under notice pleading, Defendant needs merely to allege that this litigation is an abuse-of-process that has damaged him.  Defendant has done so, and Plaintiffs have not established beyond any doubt that there are no set of facts that Defendant can establish in support of his abuse-of-process claim.  Plaintiffs have not even made that argument.  Accordingly, Defendant respectfully requests that the Magistrate Judge reconsider the Report and Recommendation to allow Defendant's Counterclaim to proceed under an abuse-of-process theory.  Alternatively, Defendant requests that the Magistrate Judge recommend that Defendant be granted leave to correct any technical pleading deficiency in the abuse-of-process claim.

---

[1]  *Yaklevich v. Kemp, Shaeffer & Rowe*, 68 Ohio St. 3rd 294, 298 (1994).

[2]  *Yakelvich*, 68 Ohio St. 3rd, supra @ 295.

3

III.  <u>Conclusion.</u>

For the aforementioned reasons, Defendant respectfully requests that the October 15, 2001 Report and Recommendation be modified to permit Defendant to assert a counterclaim based upon intentional infliction of emotional distress and abuse of process.

Respectfully submitted,


<u>s/ Philip J. Weaver, Jr.</u>
Philip J. Weaver, Jr. (0025491)
Smith, Marshall, Weaver & Vergon
500 National City-E. 6th Bldg.
1965 East 6th Street
Cleveland, Ohio 44114
(216) 781-4994

Attorney for Defendant

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 24th day of October, 2001 a copy of the foregoing Defendant's Objections to Magistrate Judge's October 15, 2001 Report And Recommendation was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.  In addition, a copy of the foregoing document was served by first class U.S. mail, postage prepaid, this 24th day of October, 2001 upon Patrick M. McLaughlin, Esq., Attorney for Plaintiff, McLaughlin & McCaffrey, LLP, Eaton Center, 1111 Superior Avenue, Suite 1350, Cleveland, Ohio 44114-2500.

<u>s/ Philip J. Weaver, Jr.</u>
Philip J. Weaver, Jr.