## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| LAREDO NATIONAL | ) | CASE NO. 1:00CV2081 |
| BANCSHARES, INC., et al., | ) | |
| | ) | JUDGE LESLEY WELLS |
| Plaintiffs, | ) | |
| | ) | |
| | ) | |
| vs. | ) | DEFENDANT'S BRIEF IN |
| | ) | OPPOSITION TO PLAINTIFFS' |
| DONALD E. SCHULZ, | ) | EXPEDITED MOTION TO COMPEL |
| | ) | |
| Defendant. | ) | |

## I.      INTRODUCTION

Plaintiffs have moved the court for an order compeling Defendant to more completely respond to Plaintiffs' First Set of Interrogatories, Document Requests and Requests for Admission.  For the reasons set forth below, Plaintiffs' motion  should be denied.

## II.     PLAINTIFFS' REQUEST FOR U.S. GOVERNMENT DOCUMENTS OR STATEMENTS MADE BY U.S. GOVERNMENT EMPLOYEES

A number of Plaintiffs' discovery requests seek federal government documents or statements made by federal government employees to which the Department of Justice has already interposed objections based upon privilege at approximately one-half dozen federal employee or former employee depositions taken by Plaintiffs to date in this case.

Department of Justice attorneys have advised Defendant that similar privilege-based restrictions will be placed upon him when his deposition is taken.  To date, written instructions from the Department of Justice has not been received, but those instructions have been promised to be forthcoming.  Thus, Defendant's position is not that he is asserting the federal government's privilege, but rather that any federal government documents or information from federal government employees that Defendant may have are not his to produce absent a court order denying the government's asserted privilege or protecting the information in some fashion satisfactory to the parties and the federal government.  Indeed, the Department of Justice has filed a document in this case indicating that it will be requesting the court's permission to brief these issues for the court's determination.  Defendant will, of course, comply with any appropriate court order pertaining to the requested documents and oral communications.

## III.  PLAINTIFFS' REQUESTS FOR INFORMATION THAT IS EITHER PRIVILEGED OR WORK PRODUCT

Plaintiffs have made a series of vague and overly broad requests for documents or information that invade Defendant's attorney/client privilege or work product conducted in anticipation of or during litigation.  Plaintiffs have effectively asked Defendant to produce all documents and reveal all conversations in any manner pertaining to this case. Obviously, the law protects any confidential attorney/client communications pertaining to this case and any work done by or on behalf of Defendant in investigating Plaintiffs' claims, the very revelation of which would provide Plaintiffs with Defendant's theories or

thought processes in defending himself. Other than documents in the public domain or subject to FOIA requests to which Plaintiffs have equal access, Defendant has, to the best of his knowledge, responded to all of Plaintiffs' requests, despite the fact that they exceed the standard track guidelines, while at the same time preserving his attorney/client privilege and work product.  Should other discoverable information come to Defendant's attention, it will be produced.

Plaintiffs' reference to a series of documents intended as exhibits during Gary Jacobs's deposition is a red herring.  Those potential exhibits were the Complaint and some of its exhibits in this case, documents already produced to the parties by the federal government during depositions of their current or former employees taken by Plaintiffs, and extensive news reports and articles  to which Plaintiffs have equal access. Thus, none of these potential exhibits were responsive to Plaintiffs' discovery requests as Plaintiffs already had them or had equal access to them in the public domain.[1]

---

[1] Plaintiffs particularly take issue with Defendant not previously producing one purportedly protected document that Defendant thought was available in the public domain or had previously been produced by Plaintiffs.  Plaintiffs may, of course, make inquiry of Defendant regarding this document during Defendant's deposition.

3

**IV.** **CONCLUSION**

For the aforementioned reasons, Plaintiffs' expedited motion to compel should be denied.

Respectfully submitted,

s/ Philip J. Weaver, Jr.
Philip J. Weaver, Jr. (0025491)
Smith, Marshall, Weaver & Vergon
500 National City-E. 6th Bldg.
1965 East 6th Street
Cleveland, Ohio 44114
(216) 781-4994 FAX: (216) 781-9448
pjw@smithmarshall.com

Attorney for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of April, 2002 a copy of the foregoing Defendant's Brief in Opposition to Plaintiffs' Expedited Motion to Compel was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

s/ Philip J. Weaver, Jr.
Philip J. Weaver, Jr.