**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| LAREDO NATIONAL BANCSHARES, INC., *et al.*, | ) ) ) | CASE NO. 1:00 CV 2081 |
| Plaintiffs, | ) ) | JUDGE LESLEY WELLS |
| v. | ) ) ) | MAGISTRATE JUDGE VECCHIARELLI |
| DONALD E. SCHULZ, *et al.*, | ) ) | **DISCOVERY ORDER** |
| Defendants. | ) | |

**I. Background**

In its Complaint, Plaintiffs, Laredo National Bancshares, Inc., *et al*. (collectively "Laredo"), allege the following. The White Tiger is a large study on the United States' war on drugs and drug traffickers. (Compl.¶¶ 2-3.) It is the culmination of 56 separate Drug Enforcement Administration criminal investigations; 28 separate Federal Bureau of Investigation criminal investigations; 140 Internal Revenue Service and Financial Services Task Force criminal investigations; and Central Intelligence Agency, Defense Intelligence Agency and other criminal investigations. (*Id*.) The White Tiger's purpose is to analyze methods for the eradication of the drug trafficking and money laundering reportedly responsible for the flow of about 70% of the cocaine and 18% of the heroin into the United

States. (*Id*.)

Laredo alleges that Defendant, Donald Schulz ("Schulz"), currently the Political Science Department Chairman at Cleveland State University, while employed as a civilian research professor at the United States Army War College Strategic Studies Institute ("USAWC"), obtained and leaked to the press a draft executive summary of the White Tiger. (*Id*. at 4.) Laredo further alleges that as a result of Schulz's media leak, newspaper articles appeared that contained disinformation about National Bancshares, Inc. ("LNBI"), National Bank ("LNB"), the President of LNB - Mr. Jacobs, LNBI's Chairman, and Mexico's Hank family. (*Id*.)

During discovery, several disputes arose between Schulz, Laredo, and a Non-Party, the United States. On April 5, 2002, Laredo filed a Motion to Compel (Doc. No. 64) that both Schulz and the United States opposed. (Doc. Nos. 67, 69.) The Motion to Compel requested this Court to compel Schulz to produce, among other things, to Laredo: (1) any drafts of the White Tiger executive summary ("White Tiger Paper"); (2) any documents obtained from or referencing the Board of Governors of the Federal Reserve System and/or its administrative proceeding involving Carlos Hank Rhon and Incus Co. Ltd.; (3) any communications and/or electronic transmissions with Walker Todd and/or R. Christopher Whalen and/or Dolia Estevez; and (4) any draft of Schulz's manuscript "Narcopolitics In Mexico" and the associated support documents relied on in drafting the manuscript. At the conference the Court reviewed the specific production requests with the parties.

Subsequently, the United States filed a Motion for a Protective Order requesting an order that Schulz not disclose or cause to be disclosed the White Tiger Paper or its contents. (Doc. No. 68). Laredo did not oppose the United States' Motion for Protective Order. Rather, Laredo filed a Motion

for Order to Hold the United States' Motion for Protective Order in Abeyance (Doc. No. 70), which the United States opposed. (Doc. No. 72.) In its opposition, the United States claimed the proper method for Laredo to challenge any agency decision pertaining to the deposition of an agency employee must be made in accord with the Administrative Procedure Act.

On June 28, 2002, the Court held a conference to discuss the various discovery disputes. In addition to some of the discovery issues already raised, the parties indicated additional motions would be forthcoming. The Court set deadlines for raising and briefing these issues. At the conference, Laredo indicated it wanted the Court to compel the disclosure of the documents set forth in their Motion to Compel as well as: (1) the 8 page document prepared by the National Drug Intelligence Center ("NDIC"), which allegedly contains comments on Schulz's manuscript made by NDIC analysts; (2) the depositions of Special Agents Kessler and Pendelton (representatives of the United States); and (3) Schulz's handwritten notes involving content of the of the "White Tiger Paper" and/or the 8 page NDIC document proposed to be included in his "Narcopolitics in Mexico" manuscript ("manuscript"). Laredo has a copy of the manuscript without inclusion of the handwritten notes. With regard to Kessler and Pendelton, Laredo asserted the United States had refused to allow the depositions of these individuals. The United States contended it had followed agency regulations and responded to written questions from Laredo.[1]

---

[1] Laredo also attempted to depose Dolia Estevez in Virginia. The United States opposed the deposition. The dispute was presented to the district court in Virginia, the location of the deponent. A Magistrate Judge in Virginia issued a Report and Recommendation ("R&R") recommending Laredo not be permitted to conduct the deposition. Laredo objected to the R&R. The district judge has not yet issued a ruling.

3

Also during the conference, the Court discussed several issues related to the discovery disputes. Schulz indicated he wanted to produce to Laredo the executive summary of the "White Tiger Paper." However, Schulz has not placed his position on the record nor filed a brief opposing the United States' Motion for Protective Order. The Court also discussed Schulz's objections to Laredo's Request for Production of Documents. Further, the Court discussed Laredo's desire to obtain Schulz's telephone records contained in his personnel file at the USAWC. The USAWC apparently will not produce the telephone records because of Schulz's rights under the Privacy Act. Laredo and Schulz dispute whether the Court can, or should, compel Schulz to sign a Privacy Act waiver so that Laredo can obtain the telephone records from USAWC. In addition, the Court attempted to address Laredo's objections to Schulz's interrogatory requests as counsel for Schulz indicated those requests were in issue. However, as Schulz was not prepared to discuss his interrogatory requests, the Court set a conference to discuss the requests and the objections.

## II. Deadlines and Orders

In accordance with the conference discussions, the Court set the following deadlines at the conference:

**A. Schulz's Transcribed Notes of his Communications with Government Agent(s)**:[2]

1. **July 3, 2002**: Schulz to produce his transcribed notes to the United States.

2. **July 12, 2002**: United States to produce Schulz's redacted and/or unobjectionable non-

---

[2] During the conference, the United States indicated Schulz's notes were illegible and, Schulz had to transcribe those notes before the United States could complete its review. The notes are approximately 5 handwritten pages.

redacted transcribed notes to Schulz and/or Laredo.

    3. **July 26, 2002**: Laredo's motion to compel the non-production of any notes.

**B. <u>Motion for Protective Order Regarding the "White Tiger Paper" and its Contents</u>**

    1. See Item "C", below, for Laredo's briefing regarding the Protective Order.

    2. **July 12, 2002**: Schulz's response to United States' Motion for Protective Order and instruction to Schulz not to produce the "White Tiger Paper" or its contents.

    3. **July 26, 2002**: United States' reply.

**C. <u>Motion to Hold Protective Order in Abeyance</u>**

    1. **July 9, 2002**: Laredo's supplement to its Motion to Hold Protective Order in Abeyance detailing legal authority and including a response to the legal arguments presented in the United States' Motion for Protective Order and Opposition to Laredo's Motion to Hold Protective Order in Abveyance.

    2. **July 22, 2002**: United States' response.

**D. <u>Motion to Compel the 8 page National Drug Intelligence Center ("NDIC") Document</u>**

    1. **July 9, 2002**: Laredo's Motion to Compel the 8 page document prepared by NDIC.

    2. **July 22, 2002**: United States' response.

    3. **July 29, 2002**: Schulz's response to United States' response.

    4. **August 9, 2002**: United States' reply to Schulz's response.

**E. <u>Schulz's Handwritten Notes Involving Content of the "White Tiger Paper" and/or the 8 Page NDIC Document Proposed to be Included in his Manuscript</u>**

    1. **July 3, 2002**: Schulz to produce the handwritten manuscript notes to United States for

review.

    2. **July 9, 2002**: United States' to submit a proposed schedule to redact and produce the notes to Laredo (after consulting with counsel for Laredo).

**F. Deposition of Special Agents Kessler and Pendelton (Representatives of the United States)**

    1. **July 12, 2002**: Laredo's Motion to Compel the depositions of Special Agents Kessler and Pendelton with citation to legal authority. **This motion should also indicate (1) whether a subpoena has been issued for the deposition and, if so, the district issuing the subpoena and (2) the basis for jurisdiction in this district over the depositions of a non-party apparently working and residing in another district.**

    2. **July 26, 2002**: United States' response.

**G. Privacy Act Waiver**

    1. **July 15, 2002**: Laredo's Motion to Compel Schulz to sign a Privacy Act waiver and brief in support.

    2. **July 24, 2002**: Schulz's response.

**H. Schulz's Objections to Laredo's Request for Production of Documents and Laredo's Motion to Compel**

At the conference, the Court discussed Schulz's objections to Laredo's discovery requests and made the following rulings pertaining to the following requests:

**#16, 27, 28, 29, 31 35, 36, 38** involving the assertion of attorney-client or work product privilege: No later than **July 12, 2002** Schulz shall file a log of his objections to the production requests. The log shall indicate: (1) document number; (2) the asserted privilege; (3) the basis for the privilege;

(4) identity of document's originator; (5) identity of document's recipients; (6) date of the document; (7) subject matter of the document; (8) whether document contains any content of the White Tiger Paper and/or the 8 page NDIC document; and (9) whether document has been produced in redacted form.  **In identifying persons, Schulz shall indicate the person's position, the person's connection to the litigation, and whether the person is an attorney, investigator, or expert hired for litigation or in anticipation of litigation.**

Further, no later than **July 16, 2002** Laredo shall notify the United States and Schulz of all documents identified in the log that it contends are not privileged.  Laredo and Schulz, and to the extent necessary, the United States, shall promptly confer and determine whether the parties can agree that any of the documents can be produced, with redaction or otherwise.  **No later than July 22, 2002, Laredo shall notify the Court of the documents in the log it maintains are not privileged and the United States shall identify any documents in the log it claims are subject to the previously filed Protective Order.  No later than July 25, 2002, Schulz shall file *in camera* all documents Laredo claims should be produced and may file a response to Laredo. Contemporaneously with filing the documents *in camera*, Schulz shall submit a proposed order authorizing the documents to be filed under seal.**

**#20, 21**: All documents have been provided except those covered by the Privacy Act.  The Court will consider the Privacy Act waiver after the briefs have been submitted.

**#16, 17, 21, 27, 28, 29, 31, 38**: Schulz's objections based upon an assertion that the information concerns the Hank Family, which is not a party is overruled pursuant to Federal Rule of Civil Procedure ("Rule") 26(b)(1).  The Rule provides that "[p]arties may obtain discovery regarding

7

any matter, not privileged, that is relevant to the claim or defense of any party . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Schulz shall produce the documents pertaining to the Hank family.

Also during the discovery conference, Laredo filed a document withdrawing its Motion to Compel as it pertains to interrogatory numbers 16, 20, 32, 34, and 37.

**I. Schulz's Request to Compel Laredo to Answer his Interrogatories**

1. **July 15, 2002**: Schulz shall file either a statement or a letter describing the dispute in issue and identify the specific interrogatories.

2. Further, after consideration, the Court has determined an in-person conference on July 17, 2002 is not necessary. Accordingly, a **telephone conference** is set for **Wednesday, July 17, 2002 at 2:00 p.m. Attorney Patrick McLaughlin shall initiate the telephone conference and arrange for all counsel, including but not limited to, counsel for the United States, to participate.** At the conference, counsel shall be prepared to discuss Schulz's request to compel Laredo to answer his interrogatories.

IT IS SO ORDERED.

Nancy A. Vecchiarelli
U.S. Magistrate Judge

Date: July 9, 2002