

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### Eastern Division

|  |  |  |
|---|---|---|
| LAREDO NATIONAL BANCSHARES, INC., et al., | ) ) ) ) |  |
| Plaintiffs | ) ) ) |  |
| v. | ) ) | Civ. A. No. 1:00 CV 2081 |
| DONALD E. SCHULZ, et al., | ) ) ) |  |
| Defendants. | ) ) |  |

## MEMORANDUM OF NON-PARTY UNITED STATES IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL THE GOVERNMENT TO AUTHORIZE THE RELEASE OF THE NDIC COMMENTS TO THE SCHULZ MANUSCRIPT OR, IN THE ALTERNATIVE, FOR THE GOVERNMENT TO PRODUCE THE UNREDACTED COMMENTS

Plaintiffs' "Motion to Compel the Government to Authorize the Release of the NDIC Comments to the Schulz Manuscript or, in the Alternative, for the Government to Produce the Unredacted Comments" ("Motion to Compel") is based on the erroneous premise that the NDIC is asserting the law enforcement investigative privilege over the redacted comments and ignores the fact

that the NDIC actually based its decision to redact those comments on the discretion afforded to the

United States under the so called *Touhy* doctrine, <u>United States ex. rel. Touhy</u> v. <u>Ragen</u>, 340 U.S. 461

(1951) . Further, Plaintiffs' motion fails to explain to the Court Plaintiffs' need for the unredacted

version of those comments or why Plaintiffs' need should override the United States' interests in

protecting the content of the redactions from disclosure. Accordingly, Plaintiffs have failed to

demonstrate to the Court why the Government should produce an unredacted version of the NDIC's

comments to the Schulz manuscript and, thus, Plaintiffs' Motion to Compel should be denied.

### FACTUAL BACKGROUND

Plaintiffs' Motion to Compel seeks the production of an unredacted version of an 8-page

document that contains comments by the NDIC to Defendant Schulz's manuscript entitled

"Narcopolitics in Mexico." On June 4, 2001, the Department of Justice wrote counsel for Plaintiffs to

convey the NDIC's final position with respect to the production of the these comments. <u>See</u> Letter

from Gillian Flory to Patrick M. McLauhlin, Esq., Exhibit 1. Thereafter, counsel for Plaintiffs conferred

with the Department of Justice to discuss the NDIC's position. This meeting was followed by a letter

dated June 5, 2001, from Plaintiffs' counsel to the Department of Justice memorializing the discussion

had during the meeting.

Plaintiffs' motion argues that the NDIC has improperly asserted the law enforcement privilege

to prevent the disclosure of the content of the redacted comments. However, as communicated to

Plaintiffs' in the Department of Justice's letter dated June 4, 2001, the NDIC's final decision to prevent

disclosure of the unredacted comments to Schulz's manuscript was not based on the assertion of the

law enforcement investigative privilege. Rather, the NDIC's decision was based on a determination

-2-

made under the *Touhy* doctrine, *Id.*, that the content of the redacted comments is irrelevant to Plaintiffs' Complaint and that it would be contrary to the United States' interests, as well as to the interests of certain third parties mentioned in the comments but not parties to this case, to release the document in its entirety. See Exhibit 1. This determination was made after extensive review of the comments themselves and after a reasonable exercise of the NDIC's discretion and responsibility to guard the United States' interests and the interests of those individuals mentioned in the redacted comments.[1] Hence, the NDIC's decision to prevent disclosure of the unredacted version of the comments is fully justified and supported by clear-cut authority.

Furthermore, on June 28, 2002, the Court ordered Plaintiffs to justify their need for discovery of the redacted comments to Defendant Schulz's manuscript. See Docket No. 81. Notwithstanding the fact that the Court gave Plaintiffs a second opportunity to justify their need, Plaintiffs' Motion to Compel fails to discuss the relevancy of the redacted comments to Plaintiffs' claims or the need to override the United States' interests as laid out in the Department of Justice's letter of June 4, 2001. See Exhibit 1.

---

[1] It is important to note that the NDIC's review of the comments to Defendant Schulz's manuscript resulted in a minimal number of redactions. Indeed, after extensive review and good-faith consideration of all competing interests, the NDIC redacted 13 comments, out of more than 100 comments, contained in the 8-page document.

## ARGUMENT

**I.     THE NDIC's *TOUHY* DECISION MAY ONLY BE CHALLENGED IN AN ACTION UNDER THE ADMINISTRATIVE PROCEDURE ACT, NOT BY A MOTION TO COMPEL**

Plaintiff's motion to compel the production of the NDIC's unredacted comments to Defendant Schulz's manuscript cannot withstand scrutiny for a threshold, jurisdictional reason. In cases in which the United States is not a party to a lawsuit, the Administrative Procedure Act ("APA"), 5 U.S.C. § 701, *et seq.*, provides the sole avenue for an agency's refusal to permit its current or former employees to comply with a subpoena. This Court therefore lacks jurisdiction to consider Plaintiffs' Motion to Compel.

Moreover, even if the Court does not require Plaintiffs to file a separate action under the APA, the NDIC's decision is still subject to review under the APA's deferential standard. Pursuant to this standard, the Court may set aside the NDIC's decision to redact its comments only if the decision was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). As the discussion below will show, the NDIC's decision is fully reasoned and must be sustained.

### A.     The Court Lacks Jurisdiction to Entertain Plaintffs' Motion to Compel

The determination made by the NDIC to redact its comments to Defendant Schulz's manuscript was made pursuant to the Department of Justice's housekeeping regulations, 28 C.F.R. § 16.21, *et seq.*, also known as the *Touhy* regulations.[2] See Exhibit 1. These regulations provide that:

---

[2] This regulation was promulgated under the authority of the "Housekeeping Statute," 5 U.S.C. § 301, which provides, in pertinent part, that "[t]he head of an Executive department . . . may prescribe

In any federal or state case or matter in which the United States is not a party, no employee or former employee of the Department of Justice shall, in response to a demand, provide any material contained in the files of the Department, or disclose any information relating to or based upon material contained in the files of the Department, or disclose any information or produce any material acquired as part of the performance of that person's official duties or because of that person's official status without prior approval of the proper Justice Department official . . . .

28 C.F.R. § 16.22(a).

In 1951 the Supreme Court concluded that a federal employee may not be compelled to comply with a federal subpoena contrary to the employing agency's directive. United States ex rel. Touhy v. Ragen, 340 U.S. 462, 468 (1951). Soon after, the Sixth Circuit issued two cases, Appeal of United States Securities & Exchange Comm'n, 226 F. 2d 501, 516-18 (6th Cir. 1955), and Jackson v. Allen Industries, Inc., 250 F.2d 629, 630 (6th Cir. 1958), which relied upon the Supreme Court's decision in Touhy to reach the same conclusion. Other Circuits have more recently recognized the authority of governmental agencies to prevent disclosure of information pursuant to their so called *Touhy* regulations. See e.g., Kwan Fai Mak v. F.B.I., 252 F.3d 1089, 1091-1092 (9th Cir. 2001); U.S. E.P.A. v. General Elec. Co., 197 F.3d 592, 595-596 (2nd Cir. 1999); United States v. Williams, 170 F.3d 431, 434 (4th Cir.), *cert. denied*, 525 U.S. 854 (1999).

Further, as the Fourth Circuit has repeatedly found, in cases in which the government is not a party, the APA provides the sole avenue for review of an agency's refusal to permit its employees to comply with subpoenas. See, e.g., COMSAT Corp. v. National Science Foundation, 190 F.3d 269, 274-77 (4th Cir. 1999); United States v. Williams, 170 F.3d 431, 434 (4th Cir.), *cert. denied*, 525

---

regulations for the government of his department, the conduct of its employees, the distribution and performance of its business, and the custody, use, and preservation of its records, papers, and property."

U.S. 854 (1999); Smith v. Cromer, 159 F.3d 875, 881 (4th Cir. 1988), *cert. denied*, 528 U.S. 826

(1999); Boron Oil Co. v. Downie, 873 F.2d 67, 71 (4th Cir. 1989). This is because, as the

COMSAT court explained:

> '[S]ubpoena proceedings fall within the protection of sovereign immunity even though they are
> technically against the federal employee and not against the sovereign'; thus, in the context of an
> agency's response to a third-party subpoena, 'the proper method for judicial review of the
> agency's final decision pursuant to its regulations is through the Administrative Procedure Act.'

Id. at 277 (quoting Boron Oil, 873 F.2d at 71; and Williams, 170 F.3d at 434). Accord Cromer, 159

F.3d at 881 (federal courts lack jurisdiction under sovereign immunity to entertain a subpoena

enforcement proceeding where the Department of Justice has denied a party's request for third-party

testimony and "Cromer's remedy, if any, for the Justice Department's actions in the instant case may be

found in the Administrative Procedure Act"). Accordingly, because Plaintiffs' only avenue in which to

challenge the NDIC's denial of their request for the unredacted version of the NDIC's comments is

through a separate action brought under the APA, this Court lacks jurisdiction to consider Plaintiffs'

Motion to Compel.

## B. Even if the Court Does Entertain Plaintiffs' Motion to Compel, the NDIC's *Touhy* Decision Is Fully Supported by the Law and Must Be Sustained

Even if the Court does entertain Plaintiffs' Motion to Compel, the Court may set aside the

NDIC's decision to redact its comments only if the decision was "arbitrary, capricious, an abuse of

discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). Under this standard, the

NDIC's decision is fully reasoned and amply supported by existing precedent.

-6-

### 1.    Standards

When the government is not a party to a lawsuit, the proper standard of review for agency actions that deny third party discovery requests is the APA's "deferential standard of review," which "permits a federal court to order a non-party agency to comply with a subpoena if the government has refused production in an arbitrary, capricious, or otherwise unlawful manner." COMSAT Corp. v. National Science Foundation, 190 F.3d 269, 274-77 (4th Cir. 1999); EPA v. General Elec. Co., 197 F.3d 592, 599 (2d Cir.1999); United States v. Williams, 170 F.3d 431, 434 (4th Cir.), *cert. denied*, 525 U.S. 854 (1999); Moore v. Armour Pharmaceutical Co., 927 F.2d 1194, 1197 (11th Cir. 1991); Boron Oil Co. v. Downie, 873 F.2d 67, 71 (4th Cir. 1989).  See also Branch International Services, Inc. v. United States, 905 F. Supp. 434, 438 (E.D. MI 1995) (finding that an agency's decision not to comply with a third party subpoena constitutes an "adverse agency" action under the APA and then applying the APA's arbitrary and capricious standard of review).  This holding, though not yet expressly adopted by the Sixth Circuit, is certainly consistent with the Administrative Procedure Act's grant of authority for judicial review of adverse agency actions, 5 U.S.C. § 706, and more specifically, with the standard of review set forth by the Act, 5 U.S.C. § 706(2)(A).  Thus, the NDIC's decision to redact the NDIC's comments to Schulz's manuscript must be upheld unless Plaintiffs have shown that "the action had no rational basis or that it involved a clear and prejudicial violation of applicable statutes or regulations." Kroger Company v. Regional Airport Authority of Louisville and Jeffereson County, 286 F. 3d 382, 389 (6th Cir. 2002). See also GTE Midwest, Inc. v. Federal Communications Commission, 233 F. 3d 341, 344 (6th Cir. 2000), R.P. Carbone Construction Company v. Occupational Safety and

Health Commission, 166 F.3d 815, 817 (6ᵗʰ Cir. 1998) ; McDonald Welding v. Webb, 829 F.2d 593, 595 (6th Cir.1987).  As discussed below, Plaintiffs have not met this burden.

The NDIC's decision to redact its comments to Defendant Schulz's manuscript was reached pursuant to the Department of Justice's housekeeping regulations, authorized by 5 U.S.C. § 301. These regulations, commonly known as *Touhy* regulations, set forth the procedures that the Department of Justice must follow in response to demands for production or disclosure of information for state and federal court proceedings.  28 C.F.R. § 16.21(a).

Pursuant to the Department of Justice's *Touhy* regulations, in reviewing a request for third-party discovery, Department components should consider "[w]hether such disclosure is appropriate under the rules of procedure governing the case or matter in which the demand arose . . . ."  28 C.F.R. § 16.26(a)(1).  The *Touhy* regulations further provide that disclosure will not be made where any of a number of listed factors is present or where the Deputy or Associate Attorney General judges that disclosure is not warranted.  28 C.F.R. § 16.26(b) and (c).

In this case, the NDIC has determined that disclosure of the unredacted version of the NDIC's comments to Defendant Schulz's manuscript is not appropriate under the Federal Rules of Civil Procedure -- the "rules of procedure governing" Plaintiffs' Complaint -- because the requested testimony is not relevant to the subject matter of Plaintiffs' Complaint, as required by Fed. R. Civ. P. 26(b)(1).  The NDIC has also determined that disclosure of the unredacted comments is not appropriate because doing so will reveal the identity of confidential sources or informants,  28 C.F.R. § 16.26(b)(4).  And finally, the NDIC has determined that disclosure of the unredacted comments is unwarranted because it will compromise the interests of the Department of Justice in protecting

-8-

individuals from bodily harm, in preserving important relationships between various United States law enforcement agencies and their foreign counterparts, in protecting diplomatic relations between the United States and other countries, and in protecting the reputation and interests of the individuals and entities mentioned in the redacted comments, 28 C.F.R. § 16.26(c). See Exhibit 1. Plaintiffs have not presented any facts or arguments that question the rational basis for any of these conclusions, and thus, the NDIC's decision to withhold the redacted comments should be upheld.

      **2.**      **Basis of the NDIC's Decision**

            **a.**      **Production of the Unredacted Comments Documents Would Be Contrary to the Interests of the Department of Justice and Certain Individuals Mentioned in the Redacted Comments**

      The NDIC's decision to redact its comments to Defendant Schulz's manuscript should be sustained because these comments were redacted through a reasonable exercise of the discretion granted to NDIC by the Department of Justice's *Touhy* regulations. First, disclosure of these comments will reveal confidential sources and/or informants, as well as interfere with enforcement proceedings, and thus, disclosure is prohibited by 28 C.F.R. § 16.26(b)(4). Second, disclosure of these comments will compromise the interests of the Department of Justice and of certain individuals mentioned in the comments, and thus, disclosure is not warranted. See 28 C.F.R. § 16.26(c).

      The administrative record that led to the NDIC's decision to redacts its comments to Defendant Schulz's manuscript is clear. In its letter of June 4, 2001, the Department of Justice provided the reasons why, pursuant to the *Touhy* regulations, the NDIC's comments could not be produced without redactions. See Exhibit 1. The letter stated:

- Three of the comments, which may or may not be accurate, might put certain individuals at risk of bodily harm. Once such comment purports to reveal the status of certain individuals with respect to the witness protection program. Two other such comments purport to reveal a certain individual's status as a confidential informant.

- Certain comments, which may or may not be accurate, may damage important relationships between various United States law enforcement agencies and their foreign counterparts. These same comments may also damage diplomatic relations between the United States and other countries.

- Certain comments suggest criminal association by individuals or entities that may or may not exit, posing a serious risk of reputational harm to those individuals or entities.

- None of the individuals that are the subject to these comments are parties to this action.

See Exhibit 1.

These statements by the Department of Justice speak for themselves and nothing in Plaintiffs' Motion to Compel justifies overriding these interests. As recognized by the Fourth Circuit, the Department of Justice's interests in preventing the disclosure of information that may reveal a confidential source or informant or that may interfere with enforcement proceedings "present a strong policy basis" against disclosure. Smith v. Cromer, 149 F>3d 875, 878 (4th Cir. 1998). The Department of Justice's interests in protecting diplomatic relations and protecting individuals or entities from harm, likewise present a strong policy basis against disclosure. Thus, given the deferential review applicable in this case and the strength of the Department of Justice's interests, Plaintiffs' Motion to Compel must be denied.

### b. The Requested Testimony and Documents Are Not Relevant to the Subject Matter of Plaintiff's Complaints

Aside from the interests discussed above, the Court should sustain the NDIC's decision to redact its comments to Defendants Schulz's manuscript because the content of the redactions is irrelevant to the

subject matter of Plaintiffs' Complaint.

A significant consideration as to whether a third-party discovery request should be authorized by the government is whether the information sought is relevant and necessary to the underlying claims. Courts consistently allow third parties to challenge the relevancy and/or need of a subpoena against them by allowing third parties to file a motion for protective order, a motion to quash the subpoena, or an objection to a motion to compel compliance with the subpoena.  See American Electric Power Company, Inc. v. United States, 191 F.R.D. 132 (S.D. OH 1999); Allen v. Howmedica Leibinger, 190 F.R.D. 518 (W.D. TN 1999); Pollitt v. Mobay Chemical Corporation, 95 F.R.D. 101 (S.D. OH 1982). See also Mycogen Plant Science, Inc. v. Monsanto Co., 164 F.R.D. 623, 627 n.9 (E.D. Pa. 1996); Compaq Computer Corp. v. Packard Bell Electronics, Inc., 163 F.R.D. 329, 335-36 (N.D. Cal. 1995); New York State Energy Research & Dev. Auth. v. Nuclear Fuel Services, Inc., 97 F.R.D. 709, 712 (W.D. N.Y. 1983); Fein v. Rumex Corp., 92 F.R.D. 94, 96 (S.D. N.Y. 1981).[3]  Once the third parties raise an objection to the relevance or need for the information, the burden shifts to the party seeking the information to demonstrate that the information sought is relevant to the subject matter of the pending action. See e.g. Allen, 190 F.R.D. at 522, citing from 7 Moore's Federal Practice § 37.22[2][B]; American Electric Power Company, Inc., 191 F.R.D. at 136, citing Katz v. Batavia Marine & Sporting Supplies, 984 F.2d 422, 424-425 (Fed. Cir. 1993); Wade v. Singer Co., 130 F.R.D. 89, 92 (N.D. Ill.

---

[3] We note that one court, in dicta, has expressed "serious reservations about the propriety of a non-party deponent moving to quash a subpoena duces tecum on the ground that the information sought is not relevant to the pending action * * * [because the deponent] has no interest in the outcome." Ghandi v. Police Dept. of City of Detroit, 74 F.R.D. 115, 123 (E.D. Mich. 1977).

1990) <u>Gomez</u> v. <u>City of Nashua</u>, 126 F.R.D. 432, 435-36 (D. N.H. 1989); <u>Micro Motion, Inc. v. Kane Steel Co., Inc.</u>, 894 F.2d 1318 (Fed. Cir. 1990).

Particularly in the context of third-party discovery, it is eminently reasonable for the NDIC to withhold the production of the unredacted comments without a strong showing that such comments are both relevant and necessary. In this case, the NDIC has determined that the discovery sought is not relevant to the subject matter of the underlying complaint, as required by Fed. R. Civ. P. 26(b)(1). Specifically, in its letter of June 4, 2001, the Department of Justice stated to Plaintiffs' counsel that none of the individuals mentioned in the redacted comments is a party to this case and that it would be contrary to the Department of Justice's and to third parties' interests to disclose the redacted comments. <u>See</u> Exhibit 1.

Plaintiffs' Complaint alleges that Defendant Schulz and others unknown to Plaintiffs at the time of the Complaint, caused false and fictitious information to be conveyed to, and incorporated into, two Department of Justice predecisional, draft drug intelligence documents. As Plaintiffs allege, unbeknownst to the Department of Justice, Defendant Schulz later obtained a copy of one of these documents through fraudulent means and then provided additional copies to reporters for publication. Soon after, the Mexican newspaper *El Financiero* and *The Washington Post* published articles that cited from the allegedly stolen documents, thus causing Plaintiffs damages.

As for the comments at issue in Plaintiffs' Motion to Compel, Plaintiffs' Complaint alleges that Defendant Schulz had a working relationship with the NDIC employee who provided him with the draft drug intelligence documents, Daniel Huffman. As part of this relationship, Plaintiffs' Complaint alleges that Huffman provided Schulz with the unredacted comments that Plaintiffs now seek to discover. However,

-12-

Plaintiffs' Complaint does not allege the relevancy of the content of those redacted comments to the allegations that Defendant Schulz provided reporters with information that he knew to be false and that he could foresee would be published.  Moreover, now that the Court has specifically requested that Plaintiffs set forth the relevance of the redacted content of the NDIC's comments, Plaintiffs have once again failed to comply. Instead Plaintiffs have simply argued the inapplicability of the NDIC's law enforcement investigative privilege.

Without revealing the actual content of the redacted comments, the NDIC reasserts its position that discovery of these comments is unwarranted.  None of the comments that the NDIC redacted refers to any of the parties in this case.  See Exhibit 1.  Further, Plaintiffs did not make a showing of the relevancy or need of the content of these comments even though the Court specifically ordered them to do so; and it is hard to see how Plaintiffs could make that showing at all.  Accordingly, given the deferential standard of review that the Court must afford to the Department of Justice's decision, as well as Plaintiffs' failure to offer any convincing arguments against that decision, the Department of Justice's decision to redact the NDIC's comments must be sustained.

## II.    CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' Motion to Compel and enter an appropriate order shielding the NDIC's redacted comments from public disclosure.

Respectfully submitted,


ROBERT D. McCALLUM, JR.
Assistant Attorney General


ANNE L. WEISMANN (DC Bar # *298190*)
Assistant Branch Director


KAREN A. RIVERA (MA Bar # 643588)
SARA W. CLASH-DREXLER (PA Bar #86517)
U.S. Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC 20044
Ph. (202) 514-4020
Fax (202) 616-8202
Karen.A.Rivera@usdoj.gov

Dated: July 19, 2002