# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| LAREDO NATIONAL BANCSHARES, INC., et al., | ) ) ) | CIVIL ACTION No. 1:00-2081 |
| Plaintiffs, | ) ) | Judge Lesley Wells<br>Magistrate Judge Nancy Vecchiarelli |
| v. | ) ) ) | **DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO** |
| DONALD E. SCHULZ, et al., | ) ) | **PLAINTIFFS' MOTION TO COMPEL DEFENDANT TO** |
| Defendants. | ) ) ) ) ) ) ) | **EXECUTE A PRIVACY ACT WAIVER OR, IN THE ALTERNATIVE, FOR AN ORDER DIRECTING THE UNITED STATES ARMY WAR COLLEGE TO RELEASE INFORMATION** |

I.  Introduction.

Plaintiffs' motion should be denied.  The Privacy Act and Freedom of Information Act must be read together and balanced against the need for discovery under F.R.C.P. 26(b)(1), especially when Plaintiffs have access to the same information through other sources.

II.  The Privacy Act And The Freedom Of Information Act.

The interrelationship between the Privacy Act and the Freedom of Information Act is set forth in *DePlanche v. Califano*, 549 F. Supp. 685, 694-695 (W.D. Michigan S.D. 1982), where the court stated:

> When a government agency receives a request for information of a personal nature, possibly pertaining to a person other than the one making the request, the agency must reconcile two conflicting duties: the duty to make available to the public the information in its possession, and the duty to safeguard the privacy of individual members of the public.  *Brown v. FBI*, 658 F. 2d 71 (CA

2 1981).  These opposing duties are enunciated in FOIA and in the Privacy Act.  The general purpose of FOIA is to strengthen the public's right to know; whereas the Privacy Act is intended to give the individual better control over the gathering, dissemination, and accuracy of agency information about himself.  When enacting the Privacy Act Congress provided in pertinent part as follows:

(a) The Congress finds that –

>   (5)   in order to protect the privacy of individual identified in information systems maintained by Federal agencies, it is necessary and proper for the Congress to regulate the collection, maintenance, use and dissemination of information by such agencies.

(b)  The purpose of this Act is to provide certain safeguards for an individual against an invasion of personal privacy by requiring Federal agencies, except as otherwise provided by law, to –
>   ...
>
>   (2)   permit an individual to prevent records pertaining to him obtained by such agencies for a particular purpose from being used or made available for another purpose without his consent.
>   ...

In balancing the Privacy Act against the FOIA, the court in *DePlanche* came down on the

side of the Privacy Act.

> Thus, while the primary purpose of FOIA is to increase the citizen's access to government records, [citation omitted] the main purpose of the Privacy Act is to forbid disclosure unless it is required by FOIA.  *Lovell v. Alderete*, 630 F. 2d 428 (CA 5 1980).  The conflict between the underlying policies of the two acts become (*sic*) especially acute, when as in the instant case, there is a question as to whether the individual is seeking access to *his* record or to information pertaining to another.  *Id.* @ 695.  (Emphasis in original)

The court in *DePlanche* proceeded to deny an individual access to another individual's information under the Privacy Act because that same information was not obtainable under the FOIA.

Similarly, Plaintiffs here seek information pertaining to someone other than themselves, namely Dr. Schulz. Consequently, under *DePlanche*, Plaintiffs should not be able to obtain Dr. Schulz's U.S. Army War College personnel and telephone records because they are exempted from production under the FOIA, 5 U.S.C. §552(b)(6), that prohibits disclosure of personnel files, medical files and similar files that would constitute a clearly unwarranted invasion of personal privacy. Since Plaintiffs' requests for Dr. Schulz's personnel and telephone records fall within this FOIA exemption, the requests should be denied.

III.   The Privacy Act And F.R.C.P. 26(b)(1).

Plaintiffs contend that Dr. Schulz's personnel file and telephone records are relevant to the claims asserted because they may contain information pertaining to receipt and dissemination of the Executive Summary or to communications with the NDIC, other agencies or media representatives. Yet Plaintiffs already know that the NDIC forwarded the Executive Summary to Dr. Schulz, who in turn forwarded it to Dolia Estevez, but to no one else. Plaintiffs also already know that Dr. Schulz communicated with and interviewed personnel at the NDIC and other federal agencies. Dr. Schulz's notes of those meetings (except for the Defense Intelligence Agency) have been produced to Plaintiffs. Plaintiffs also know of telephone communications between Dr. Schulz and Dolia Estevez, and the

3

absence of any such communications between Dr. Schulz and any other reporter while he was at the War College. Plaintiffs have this information through written discovery requests to Dr. Schulz as well as depositions of Dr. Schulz, his War College Director, Colonel Lovelace, the War College's security person, Ms. Nichols, and the three NDIC employees that met with Dr. Schulz to discuss the Operation White Tiger project. Discovery is ongoing, including but not limited to the continuation of Dr. Schulz's deposition and potential additional document production from Dr. Schulz.

The fact that Plaintiffs have access to the Privacy Act protected material through other sources is significant. In *Perry v. State Farm Fire & Casualty Co.*, 734 F. 2d 1441 (11th Cir. 1984), *cert. denied,* 469 U.S. 1108, 105 S. Ct. 784, 83 L. Ed. 2d 778 (1985), the court balanced the Privacy Act restrictions against the need for discovery in civil litigation under Rule 26(b)(1). The court concluded that:

> Requests for court for orders under §552a(b)(11) should be evaluated by balancing the need for disclosure against the potential harm to the subject of the disclosure.
>
> *Id.* @ 1447.

In striking this balance the court concluded that the Privacy Act prevailed because the requesting party lacked any demonstrated need for the private materials. The court held as follows:

> Here, the balance tilts against disclosure because State Farm had no real need for the Social Security Administration's testimony. State Farm could have utilized normal discovery procedures to obtain information about the termination date [Plaintiff's Social Security benefits had been terminated.] from plaintiff or plaintiff's counsel, who had represented the plaintiff before the Social Security Administration. Moreover, on cross-examination, State

4

> Farm had the opportunity to ask Mrs. Perry when her benefits were officially terminated, but did not do so.

*Id.* @ 1447.

Accordingly, since Plaintiffs here have access to the information they desire through other sources, e.g. depositions of Dr. Schulz, U.S. Army War College personnel, NDIC personnel, or any other government agency employee, or through subpoenas for telephone records from local or long distance telephone service providers regarding any particular telephone number, Plaintiffs have not demonstrated a need for the requested information such that the Privacy Act prohibits its production.

IV.     <u>Conclusion</u>.

For the aforementioned reasons, Plaintiffs' Motion To Compel Defendant To Execute A Privacy Act Waiver Or, In The Alternative, For An Order Directing The United States

Army War College To Release Information Regarding Donald E. Schulz should be denied.[1]

                                        Respectfully submitted,

                                        s/ Philip J. Weaver, Jr.
                                        Philip J. Weaver, Jr. (0025491)
                                        **Smith, Marshall, Weaver & Vergon**
                                        1965 East Sixth Street, Suite 500
                                        Cleveland, Ohio 44114-2298
                                        (216) 781-4994     Fax: (216) 781-4994
                                        E-mail: pjw@smithmarshall.com
                                        Attorney for Defendant, Donald Schulz

CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of July, 2002 a copy of the foregoing Defendant's Memorandum of Law in Opposition to Plaintiffs' Motion to Compel Defendant to Execute a Privacy Act Waiver or, in The Alternative, For an Order Directing, The United States Army War College to Release Information was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                        s/ Philip J. Weaver, Jr.
                                        Philip J. Weaver, Jr.

---

[1] Should the court determine that Plaintiffs' motion is well taken, Dr. Schulz would request that the records be produced to the court for an *in camera* inspection to determine whether the records are potentially relevant, and if so, that those records be redacted to exclude irrelevant information, e.g. any reference to Dr. Schulz's salary, pay scale, bonuses or other compensation, and produced under a protective order to be agreed upon among the parties.

6