**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| LAREDO NATIONAL BANCSHARES, INC., *et al.*, | ) ) ) | CASE NO. 1:00 CV 2081 |
| Plaintiffs, | ) ) | JUDGE LESLEY WELLS |
| v. | ) ) ) | MAGISTRATE JUDGE VECCHIARELLI |
| DONALD E. SCHULZ, *et al.*, | ) ) | **REPORT & RECOMMENDATION** |
| Defendants. | ) | |

This matter is before the Magistrate Judge pursuant to a referral order from Judge Wells under 28 U.S.C. § 636(b)(1) and Local Rule 72.1. On August 9, 2002, the plaintiff, Laredo National Bancshares, *et al.* ("Laredo"), filed a Motion to Strike the Declaration of Rogelio Guevara from the Record or, in the Alternative, for an Order Permitting Plaintiffs to Take his Deposition. (Doc. No. 99.) For the reasons set forth in detail below, the Magistrate Judge recommends Laredo's Motion to Strike the Declaration of Rogelio Guevara, or to take his Deposition (Doc. No. 99) be DENIED.

**Analysis**

On April 19, 2002, Non-Party, United States, filed a Motion for a Protective Order to prevent the disclosure of a draft of the White Tiger Executive Summary ("White Tiger Paper"). In its Reply in

Support of its Motion for a Protective Order, the United States attached as an exhibit, the Declaration of Rogelio Guevara ("Guevara"). The United States submitted the Declaration to effect properly the Drug Enforcement Agency's ("DEA") formal claim of privilege over the White Tiger Paper. Under the well-established procedure for resolution of privilege disputes, the government must formally assert its claim of privilege by means of a declaration lodged by the head of the department that has control over the matter. *United States v. Reynolds*, 345 U.S. 1, 7-8 (1953). This declaration must be based on actual personal consideration by that official, and must be sufficiently detailed to sustain the claim. *Id*.

Laredo claims this Court should strike from the record, Guevara's Declaration for two reasons: (1) "The declaration does not state that Mr. Guevara has direct and personal knowledge of statements contained therein . . ." (Doc. No. 99 at 4) and (2) the Declaration incorrectly "implies that the plaintiffs in this case are currently subjects of an ongoing investigation . . ." (*Id*.) (emphasis in original). Each argument will be discussed in turn.

Laredo's argument that the Court should strike Guevara's Declaration because Guevara does not have personal knowledge of the statements contained in the White Tiger Paper is without merit. There is no requirement that, to assert a privilege, the official must have "personal *knowledge*" of the matter. Rather, the requirement is that the official give "actual personal *consideration*" to the matter; and Guevara gave actual personal consideration to the matter.

In his Declaration, Guevara states he is the Chief of Operations at the DEA and has "personally reviewed [White Tiger Paper], and base[s] [his] declaration on [his] personal knowledge; information made available to [him] in the performance of [his] official duties, including the advice of counsel; [his] knowledge of the issues being litigated in this case; and [his] reliance upon the knowledge and concerns

2

of the DEA law enforcement personnel actively working on the DEA's ongoing criminal investigation into subjects and matters addressed in the [White Tiger Paper]." (Doc. No. 92, Exh. A.) Thus, Guevara's Declaration satisfies the requirements for properly invoking a formal claim of privilege. It is clear from his Declaration that he gave actual personal consideration to the matter before asserting the privilege.

Laredo also claims the Declaration should be stricken because it incorrectly implies that the plaintiffs in this case are currently subjects of an ongoing investigation. This argument is without merit. In his Declaration, Guevara states "the DEA is currently conducting a criminal investigation into the subjects and matters addressed in the [White Tiger Paper]. DEA has been collecting intelligence data on the subjects and matters addressed in the [White Tiger Paper] for a number of years. DEA's investigation of the subjects and matters addressed in the [White Tiger Paper] is still active and ongoing." (*Id*.)

Laredo presents portions of the deposition testimony of Sergeant Linda Morris ("Morris") as evidence that Guevara's statement is incorrect. Morris, a DEA agent, became the lead task force agent assigned to money laundering investigations conducted by the San Diego Financial Task Force. (Doc. No. 99, Exh. 1 at 29.) Morris testified she has no knowledge of any formal drug charges or indictments filed against the plaintiffs. (*Id*. at 281-282.) Morris further testified that by way of her position, "more than likely," she would be aware of any formal charges or indictments filed against the plaintiffs. (*Id*.)

Morris's testimony does not demonstrate that Guevara's statement is incorrect for the reasons set forth above. In addition, Morris testified she is unaware of any formal charges or indictments filed

3

against the plaintiffs. There is a significant difference between formal charges, a pending indictment, targets of a grand jury investigation, and subjects of an ongoing investigation. Laredo has not presented any testimony whereby Morris indicates she is unaware of an active and ongoing investigation into the subjects and matters of the White Tiger Paper. Thus, Morris's testimony does not show that Guevara's statement is incorrect.

As an alternative, Laredo asks this Court to permit Laredo to take Guevara's deposition. Top executive department officials "should not, absent extraordinary circumstances, be called to testify regarding their reasons for taking official actions" because such officials have greater duties and time constraints than other witnesses . . ." *Simplex Time Recorder Co. v. Sec'y of Labor*, 766 F.2d 575, 586-587 (D.C. Cir. 1985); *accord*, *Warren Bank v. Camp*, 396 F.2d 52, 56 (6th Cir. 1968) (bank could not depose Comptroller of the Currency to determine his reasons for granting a bank charter); *In re United States*, 197 F.3d 310, 313-314 (8th Cir. 1999) (prisoner could not depose Attorney General Janet Reno and Deputy Attorney General Eric Holder to determine the reasons for not withdrawing a death notice); *In re Fed. Deposit Ins. Corp.*, 58 F.3d 1055, 1060 (5th Cir. 1995) (Pacific Union could not depose three members of the FDIC's Board of Directors to determine the reasons the FDIC directed the bank to sell property to the Fish & Wildlife Service). Allegations that a high government official acted improperly are insufficient to justify the subpoena of that official, unless the party seeking discovery provides compelling evidence of improper behavior and can show he is entitled to relief as a result. *In re Fed. Deposit Ins. Corp.*, 58 F.3d at 1060. Further, if other persons can provide the information sought, discovery will not be permitted against such an official. *Id.* at 1062.

Here, Laredo has not argued any extraordinary circumstances exist justifying the request to

depose Guevara, the Chief of Operations at the DEA. It appears Laredo wishes to question Guevara on his discretionary decision to assert a privilege. This is counter to the cautions enunciated by the courts. *See, e.g., Simplex Time Recorder Co.*, 766 F.2d at 586-587. Further, Laredo has not shown that other sources cannot provide Laredo with the information it seeks from Guevara. Moreover, for the reasons set forth in the Report and Recommendation issued on October 25, 2002 (Doc. No. 108), Laredo has failed to establish a compelling need for the White Tiger Paper.

## Conclusion

For the reasons set forth above, the Magistrate Judge recommends Laredo's Motion to Strike the Declaration of Rogelio Guevara, or to take his Deposition (Doc. No. 99) be DENIED.

/s/ Nancy Vecchiarelli
Nancy A. Vecchiarelli
U.S. Magistrate Judge

Date: November 4, 2002

## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of this notice. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).