### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| LAREDO NATIONAL BANCSHARES, INC., et al., | ) ) ) | CIVIL ACTION No. 1:00-2081 |
| | ) | Judge Lesley Wells |
| Plaintiffs, | ) ) | |
| v. | ) ) | **DEFENDANT'S OBJECTIONS TO REPORT AND RECOMMENDATION** |
| DONALD E. SCHULZ, et al., | ) ) | **OF MAGISTRATE JUDGE DATED OCTOBER 25, 2002** |
| Defendants. | ) | |

Defendant, Donald E. Schulz, hereby objects to the Magistrate Judge's October 25, 2002 Report and Recommendation to the extent it recommends granting against Dr. Schulz the United States' Motion for Protective Order.

### INTRODUCTION

The United States moved for a protective order prohibiting Dr. Schulz from disclosing the contents of the NDIC's Executive Summary and ordering that Dr. Schulz return all copies of the Executive Summary to the United States. This protective order motion was filed in response to Plaintiffs' request for production of documents to Dr.

Schulz seeking the Executive Summary.[1]  Dr. Schulz filed a memorandum opposing the government's Motion for Protective Order.[2]

Dr. Schulz's opposition to the government's protective order motion is based upon his absolute need for at least a very small portion of the Executive Summary to combat Plaintiffs' tort claims that hinge upon the alleged accuracy of news media reports that purport to be based upon language within the Executive Summary.  In other words, it is Dr. Schulz' position that the news articles either inaccurately reported the Executive Summary content and/or took statements out of context so as to create a false impression of the Executive Summary content.

The Magistrate Judge concluded that Dr. Schulz could not overcome the government's asserted law enforcement and deliberative process privileges because Dr. Schulz did not establish that Plaintiffs' tort claims are provable, and further that Dr. Schulz did not prove that the news articles purportedly based upon the Executive Summary were either false or taken out of context.  In the first instance, Dr. Schulz does not believe that it is his burden to prove Plaintiffs' claims against him, and further, since the case remains in the discovery stage, it is not possible for Dr. Schulz to establish that Plaintiffs' claims

---

[1] The United States told Dr. Schulz not to reveal the Executive Summary's contents until its protective order motion had been ruled upon.  Dr. Schulz has complied with that directive.

[2] Dr. Schulz also filed a motion for leave to file a surresponse in opposition to the United States' Motion for Protective Order.  It is unclear from the Magistrate Judge's Report and Recommendation whether Dr. Schulz was or was not granted leave to file his surresponse.

are meritorious. Indeed, Dr. Schulz asserts that those claims are not meritorious, but in order for him to establish that position, the Executive Summary, or at least a very small portion of it, must be available to him. Second, as to the accuracy and/or context of the news reports, Dr. Schulz has great difficulty detailing to the court which statements are inaccurate and/or taken out of context since to do so would necessarily require, directly or by implication, a discussion of the Executive Summary's contents, which Dr. Schulz has been warned by the United States Attorney General's office not to discuss. A remedy to Dr. Schulz's dilemma is to have the court conduct an *in camera* analysis of specific newspaper statements and compare them to specific Executive Summary statements. Dr. Schulz made this request, but the Magistrate Judge said that he had not done so. That is simply not the case. Perhaps the request was overlooked or not made with sufficient clarity.

## FACTS

A five-page factual statement within Dr. Schulz's memorandum opposing the United States' Motion for Protective Order set forth all relevant facts, but of most significance here are the following facts. Dr. Schulz, while performing official Army War College business, requested and received the Executive Summary from the National Drug Intelligence Center, which had been engaged in a vast analysis of the Hank family's alleged connections with drug trafficking and money laundering. Dr. Schulz forwarded the Executive Summary to Dolia Estevez, a Mexican news reporter, for input as to the document's reliability and accuracy, with an admonition that it was sensitive and not for

publication. Nonetheless, Ms. Estevez published an article on May 31, 1999 in her newspaper, *El Financiero*. Translated into English, the article says: "...Laredo National Bank, the Texas bank owned by Carlos Hank Rhon, which the NDIC accuses of money laundering...." The article continues: "The [NDIC] analysis confirms that [Carlos] Hank Rhon has frontmen or aliases, which he used to obtain interests in the United States. One of those personalities, it says, is Gary Jacobs, the President of The Laredo National Bank, who according to the NDIC, lacks the personal resources to have been able to have acquire the shares he owns in the bank." Plaintiffs assert that these statements are false and damaging and support claims sounding in defamation, tortious interference with business relations and invasion of privacy. Dr. Schulz asserts that these statements were not made by him, i.e. they are not fairly supported by the Executive Summary.

## LAW AND ARGUMENT

1. <u>The Law Enforcement And Deliberative Process Privileges Asserted By The United States Are Overcome Because The Harm Suffered By Dr. Schulz Absent Disclosure Is Not Significantly Outweighed By The Government's Interest In Confidentiality.</u>

The legal criteria for assessing the privileges asserted by the United States are set forth in Dr. Schulz's memorandum opposing the United States' Motion for Protective Order and in his surresponse opposing the United States' motion. In sum, since Dr. Schulz has no other means to establish whether the news reports contain an accurate recitation of

the Executive Summary or contain statements taken out of context within the Executive Summary, the privileges asserted by the government are overcome.

The Report and Recommendation of the Magistrate Judge states that Dr. Schulz has failed to overcome the government's privilege arguments for two reasons. Neither reason given, however, is sufficient to deny Dr. Schulz access to at least a portion of the Executive Summary.

First, the Report and Recommendation says that Dr. Schulz has not provided any "...analysis of specific information necessary to prove or address specific claims."[3] In particular, the Report and Recommendation as to Dr. Schulz states: "There is no analysis of the statements that are or could be legally defamatory...."[4] In other words, the Magistrate Judge seemingly required Dr. Schulz to prove that the Estevez news article, among others, was, in fact, defamatory. Yet, it is not Dr. Schulz's burden to offer that proof. Indeed, Plaintiffs say that the news articles are false, damaging and made without any privilege to do so. Laredo National Bank says that it does not launder money. Gary Jacobs says he was not "bought" by Carlos Hank Rhon so as to become a "frontman" to launder money for him. Plaintiffs say that these statements have been terribly damaging to them and that no one has the right to make them. Dr. Schulz simply does not have

---

[3] October 25, 2002 Report and Recommendation, p. 13.

[4] *Id.* @ p. 14.

the burden or, with discovery incomplete, the ability to conduct the analysis the Magistrate Judge wanted to see, i.e. proof that Plaintiffs' claims have merit.

The Report and Recommendation similarly says that Dr. Schulz "...merely speculates that... the defamation claim may require a defense."[5] The Magistrate Judge has misinterpreted what Plaintiffs' current testimony is, i.e. false statements purportedly based upon the Executive Summary have been made without privilege to do so that have been damaging, i.e. they have been wronged. Thus, Dr. Schulz is not speculating at all that the claims (defamation, intentional interference with business relations and invasion of privacy) based upon the Estevez news article, among others, which in turn are purportedly based upon the NDIC Executive Summary, will require a defense. That defense can only come from a comparison of the Executive Summary to the Estevez news article, and perhaps others.

The second basis for the Report and Recommendation as it pertains to Dr. Schulz is that he did not seek an *in camera* analysis of the pertinent Executive Summary contents compared to the pertinent news article contents.[6] The Magistrate Judge has apparently misunderstood Dr. Schulz's position, or Dr. Schulz has not clearly stated it. In Dr. Schulz's memorandum opposing the protective order motion, he said: "Thus, in order for Dr. Schulz to have any chance at establishing that the media reports allegedly containing falsehoods did not come from the NDIC Executive Summary is to compare the media statements to

---

[5] *Id.* @ pp. 14-15.

[6] *Id.* @ p. 15.

those within the Executive Summary."[7]  Dr. Schulz also stated: "Accordingly, the court should conduct an *in camera* review of the NDIC Executive Summary with Dr. Schulz's designations of those portions deemed necessary to this particular defense and compare those designations to selected media reports."[8]

Although Dr. Schulz does possess a copy of the Executive Summary and obviously know its contents, he has been admonished by the government not to make any statements that would reveal the Executive Summary's contents.  Consequently, Dr. Schulz is not able, in the public record, to identify the contents of news reports that may differ from the Executive Summary contents or that may be taken out of context from Executive Summary contents.  The very mention of news report inaccuracies necessarily implies the Executive Summary's contents.  Accordingly, Dr. Schulz has been unable to comply with the Magistrate Judge's recommendation that he "...identify any published statements attributed to, but not contained in the White Tiger Paper or any statements allegedly taken out of context."[9]  Moreover, Dr. Schulz has not been able to comply with other suggestions made by the Magistrate Judge, eg. "...to obtain verification from the government or the media that the media accurately reported content of the White Tiger Paper."[10]  Dr. Schulz has been

---

[7] Memorandum of Law of Defendant, Donald E. Schulz, in Opposition to United States' Motion for Protective Order, p. 5.

[8] *Id.* @ p. 8.

[9] October 25, 2002 Report and Recommendation, p. 15.

[10] *Id.*

unable to obtain testimony from any government witness concerning the content of the Executive Summary since the government has prohibited all witnesses from testifying about its content. With respect to the media, Dolia Estevez was subpoenaed for deposition in Virginia, but has moved to quash that subpoena, i.e. she refuses to discuss her news report or the Executive Summary.[11] Thus, Dr. Schulz should be permitted to provide an *in camera* analysis for the court's consideration.[12]

## CONCLUSION

Under the tests determining applicability of the law enforcement or deliberative process privileges, Dr. Schulz meets the criteria requiring production of at least a portion of the Executive Summary. That portion to be produced is anticipated to be heavily redacted, based almost exclusively on open-source material and without reference to any government employee or informant. The only means available to Dr. Schulz to establish that the news articles, to the extent that they may be tortious, are not accurately based upon the Executive Summary is for pertinent portions of the Executive Summary to be produced. Consequently, Dr. Schulz should be permitted to have an *in camera* inspection of those portions of the Executive Summary that pertain to the allegedly tortious news articles along with his analysis of the comparison among them.

For the aforementioned reasons, the Report and Recommendation of the Magistrate

---

[11] Plaintiffs also prepared subpoenas for other news organizations, but Dr. Schulz is unaware of responses, if any.

[12] The Magistrate Judge did order the government to produce the Executive Summary *in camera*, but did not request an *in camera* analysis by Dr. Schulz.

Judge filed October 25, 2002 should not be followed as it pertains to Dr. Schulz's position that the government's Motion for Protective Order should be denied.

>Respectfully submitted,
>
>s/ Philip J. Weaver, Jr.
> Philip J. Weaver, Jr. (0025491)
>**Smith, Marshall, Weaver & Vergon**
>1965 East Sixth Street, Suite 500
>Cleveland, Ohio 44114-2298
>(216) 781-4994    Fax: (216) 781-4994
>E-mail: pjw@smithmarshall.com
>
>Attorney for Defendant, Donald Schulz

CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of November, 2002 a copy of the foregoing Defendant's Objections to Report and Recommendation of Magistrate Judge Dated October 25, 2002 was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

>s/ Philip J. Weaver, Jr.
>Philip J. Weaver, Jr.