2002 NOV 22 AM 10: 10

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| LAREDO NATIONAL BANCSHARES, INC., et al., | ) ) ) | Civil Action No. 1:00-2081 |
| Plaintiffs, | ) ) | Judge Lesley Wells Magistrate Judge Nancy Vecchiarelli |
| | ) ) ) | |
| v. | ) ) ) ) ) ) | **UNITED STATES' RESPONSE TO BOTH PARTIES' OBJECTIONS TO MAGISTRATE JUDGE'S OCTOBER 25, 2002 REPORT AND RECOMMENDATION** |
| | ) ) ) ) | |
| DONALD E. SCHULZ, | ) ) | |
| Defendant. | ) | |

## INTRODUCTION

On October 25, 2002, Magistrate Judge Vecchiarelli ("the MJ") issued a Report and

Recommendation recommending that the Court deny plaintiffs' requests for discovery and grant

the United States' motion for a protective order with respect to the March 12, 1999 White Tiger

Executive Summary ("Executive Summary").[1]  The recommendations outlined by the MJ in the

R & R are justified on multiple independent grounds, each of which is well supported by the law.

Plaintiffs and defendant have presented no legitimate basis in their objections to the R & R to

undermine the MJ's findings and conclusions.  Accordingly, the Court should enter an order

adopting the R & R in its entirety.

## ARGUMENT

### I. THE MJ CORRECTLY RECOMMENDS DENYING PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF THE EXECUTIVE SUMMARY AND GRANTING THE UNITED STATES' MOTION FOR A PROTECTIVE ORDER

Based on full consideration of the declarations submitted in support of the United States'

motion for a protective order, the arguments presented by both parties and the United States, and

in camera review of the Executive Summary, the MJ correctly recommends that the Executive

Summary be shielded from production and that defendant return any remaining copy or copies in

his possession to the United States.[2]  This recommendation is based on findings that the United

States has properly invoked the law enforcement and deliberative process privileges over the

Executive Summary and that neither party has demonstrated a particularized and compelling

need for the document sufficient to overcome these privileges.  Giving careful consideration to

the highly sensitive nature of the contents of the Executive Summary and due deference to the

---

[1]The Executive Summary is referred to in the October 25, 2002 Report and Recommendation as the "White Tiger Paper."  See October 25, 2002 Report & Recommendation ("R & R") at 5.

[2]Contrary to plaintiffs' assertion, see Plaintiffs' Objections to Magistrate Judge's October 25, 2002 Report and Recommendation (docket entry No. 111) ("Plaintiffs' Objections") at 4 n.3, the United States did move the Court to order the return of all copies of the Executive Summary in the defendant's possession.  See Proposed Order Denying Plaintiffs' Motion to Compel and Granting United States' Motion for Protective Order (docket entry no. 68).

United States' interests as a non-party to this action, as well as the interests of the public in non disclosure, the MJ further recommends that neither redaction nor disclosure subject to a productive order is a reasonable alternative. See R & R at 5-20.

In their objections to the R & R, neither party challenges the MJ's finding that the United States has properly invoked the law enforcement and deliberative process privileges, or presents any legal authority to undermine the United States' assertion of these privileges over the Executive Summary. As the MJ explains, the United States' assertion of both privileges is adequately supported by sufficiently detailed declarations by the heads of the National Drug Intelligence Center ("NDIC") and the Drug Enforcement Administration ("DEA"). Both parties maintain that the privileges should be overcome, at least with respect to portions of the Executive Summary, by their bare assertion of need. Neither party makes any argument or showing of need in their objections to the R & R beyond what was previously considered and properly rejected by the MJ as insufficient to overcome privilege. The parties' objections to the MJ's well-founded conclusions and recommendations only serve to reinforce their inability to meet their burden or otherwise justify production.

**A. Plaintiffs' Mere Recitation of Arguments Previously Presented and Rejected by the MJ as Unwarranted and Unsupported by the Law Underscores Their Inability to Meet Their Burden**

Despite being given numerous opportunities by the Court, plaintiffs have repeatedly demonstrated that they are unable to meet their burden to demonstrate a particularized and compelling need sufficient to overcome the United States' assertion of privilege or otherwise justify production of the Executive Summary. With the exception of several paragraphs added to the introduction and conclusion, plaintiffs' objections to the R & R are a mere recitation of their

most recent brief submitted at the MJ's request. See Plaintiffs' Supplement to Their Motion to

Hold the United States' Motion for a Protective Order in Abeyance or, in the Alternative,

Plaintiff's Brief in Opposition to the United States' Motion for Protective Order (docket entry no.

83). Plaintiffs do little more than repeat verbatim arguments that were properly rejected by the

MJ, providing no additional support or analysis. In response, the United States refers the Court

to its prior pleadings, which fully address plaintiffs' arguments, see United States' Reply in

Further Support of its Motion for Protective Order (docket entry no. 92), and highlights below

several points of emphasis.

Most notably, plaintiffs again disregard the MJ's admonition, supported by the law, that

broad assertions of need, absent "an analysis of the specific information necessary to prove or

address specific claims," do not suffice to overcome a privilege. See R & R at 13. Plaintiffs

continue to rely on the nebulous assertion that the Executive Summary is the "core document in

this case" and the unsupported contention that "fundamental fairness dictates that plaintiffs be

given access to the [Executive Summary]," both of which were properly dismissed by the MJ.

See id. at 13-14. The repetition of these flawed arguments underscores plaintiffs' inability to

demonstrate any real and particularized need for the Executive Summary in order to prove their

claims.[3] Plaintiffs are not required to prove the merits of their claims in order to overcome

---

[3]Plaintiffs newly assert that their principal interest in obtaining the Executive Summary is
"to prove the allegations made against plaintiffs to be false and conspiratorially generated,"
without any explanation as to how the contents of the Executive Summary are necessary in order
to do so. See Plaintiffs' Objections at 12-13. Even assuming, for purposes of this argument, that
the media accurately quoted statements from the Executive Summary, it defies common sense to
say that the statements themselves are necessary in order to prove that they are false. Moreover,
the MJ correctly found that plaintiffs' claim that the information contained in the Executive
Summary is false does not outweigh the substantial risk of harm from further disclosure. See R
& R at 12.

- 4 -

privilege. See Plaintiffs' Objections at 2-3. The MJ does not so require. Rather, as the MJ rightly expected, plaintiffs must support and explain their request for production of highly sensitive privileged information in the context of their legal claims. Plaintiffs' legal claims are no where mentioned in any of their pleadings. A bare assertion of relevance without any discussion of how the information sought is necessary to prove the elements of their claims does not suffice to overcome privilege. See United States v. Farley, 11 F.3d 1385, 1390 (7th Cir. 1993).

Plaintiffs improperly ask the Court to consider past harm allegedly suffered by plaintiffs sufficient to outweigh the likelihood of harm to the interests of the United States and the public that would result from production. See Plaintiffs' Objections at 15. Past harm is not a relevant consideration in the balancing of interests. Plaintiffs must demonstrate a particularized need for the document in the present litigation in order to overcome the public interest in non disclosure. See In re United Telecommunications, Inc. Securities Litigation, 799 F. Supp. 1206, 1208 (D.D.C. 1992). Moreover, plaintiffs' citations to recent news articles generated by this litigation hardly support their assertion of continuing harm as a result of the unauthorized disclosure of the Executive Summary. The choice to litigate exercised by plaintiffs entails the inevitable risk of heightened public exposure, which can hardly be attributed to the conduct of defendants or third parties.

Additionally, the MJ expressly considered and correctly rejects plaintiffs' suggestion that the privileges applicable to the Executive Summary were waived by an NDIC employee's unauthorized disclosure of the document to defendant, the Department of Justice Office of the

Inspector General's ("OIG") failure to retrieve defendant's copy of the document,[4] or the news articles that merely reference or, in some instances, purport to quote from its contents. See R & R at 17-20. There is no dispute that privilege is not waived by an unauthorized disclosure. See Plaintiffs' Objections at 16. Moreover, as the MJ finds, plaintiffs' claim of widespread publicity is "overstated." See R & R at 19. The unauthorized disclosure of the Executive Summary presents the precise circumstances in which "the government must retain its ability to minimize the damage [caused by an unauthorized disclosure] by asserting its privilege." See Maxwell v. First Nat'l Bank of Md., 143 F.R.D. 590, 597 (D. Md. 1992). There remains a substantial likelihood that the "United States could still suffer additional harm to investigations, sources of information, and [the] ability to gather information if further disclosure of the [Executive Summary] is allowed." See R & R at 19-20.

Finally, the MJ concludes, based on consideration of all interests presented, that production of the Executive Summary pursuant to a protective order or in a redacted form are not reasonable alternatives. Contrary to plaintiffs' assertion, see Plaintiffs' Objections at 18, this conclusion is well supported by an analysis of the nature of the information contained in the Executive Summary and the risk of serious harm that would result from production. See R & R at 11-12. The conclusion is well-informed by the MJ's in camera review of the Executive Summary, in accordance with the procedure set forth by the United States Supreme Court. See,

---

[4]As OIG previously explained in a letter to plaintiffs' counsel, "[b]ecause Professor Schulz was not an employee of the Department of Justice, Professor Schulz was under no obligation to even speak with [the OIG investigator]. Moreover, without a subpoena, [the investigator] could not force Professor Schulz to relinquish the Executive Summary." See Ex. 2 attached to Opposition to Plaintiffs' Motion to Compel the Government to Produce Special Agent Pendleton for Deposition or, in the Alternative, to Produce Tamara Kessler (docket entry no. 97).

- 6 -

e.g., United States v. Reynolds, 345 U.S. 1, 7-8 (1953). Plaintiffs are not in a position to insist that either redaction or production pursuant to a protective order is a reasonable alternative.

Plaintiffs have failed to present any reason why they should be entitled to production of the Executive Summary that was not duly considered and properly rejected by the MJ. Plaintiffs' mere recitation of the same arguments previously raised verbatim in their earlier filings, without any effort to respond to the failings of their arguments identified by the MJ, only serves to reinforce their inability to meet their burden to overcome the United States' privileges or otherwise justify production of the Executive Summary.

## **B. Defendant Has Not Met His Burden to Show That the Contents of the Executive Summary are Necessary to His Defense**

The MJ found that defendant could not overcome the privileges applicable to the Executive Summary on several independent grounds, only one of which is addressed by defendant in his objections to the R & R. First, the MJ suggests, based on her review of the news articles that form the basis for plaintiffs' defamation, tortious interference with business relations, and invasion of privacy claims, that defendant has available alternative defenses to these claims. See R & R at 14 (questioning whether the statements in the news articles could be legally defamatory with respect to the plaintiffs). The MJ does not, as defendant contends, require defendant to prove the elements of plaintiffs' claims. Yet, defendant is required to adequately support his assertion that the only defense available to him turns on his ability to rely on highly sensitive privileged information contained in the Executive Summary. Defendant has not met his burden to show that the contents of the Executive Summary are necessary to defend against these claims.

- 7 -

The MJ further found that defendant's interest in permitting disclosure of portions of the Executive Summary is undermined by his own prior conduct that caused substantial harm to the interests of the United States and the public. "[I]n evaluating Schulz's interest, the Court cannot ignore his admission that he disclosed the [Executive Summary] to the media. To some extent, he has caused his own predicament, if in fact one exists." R & R at 15. Considering the substantial risk of serious harm that would be caused to the interests of the United States and the public by further disclosure of the Executive Summary, defendant's asserted need to rely on portions of the document in his defense cannot overcome the applicable privileges.

Moreover, as discussed above, the MJ correctly found that redaction is not a reasonable alternative. The nature of the document and the substantial risk of harm that would result from its disclosure warrant shielding the Executive Summary in its entirety from production. Neither party has met its burden to show a particularized and compelling need for the contents of the Executive Summary that is sufficient to outweigh the interests of the United States, a non party to this litigation, and the public in non disclosure. Accordingly, the Court should enter an order adopting the MJ's report and recommendation to grant the United States Motion for a Protective Order.

**II.     PLAINTIFF HAS REPEATEDLY FAILED TO ADDRESS THE JURISDICTIONAL ISSUE OR APPLY THE PROPER STANDARD FOR REVIEW OF THE NDIC'S DECISION TO PRODUCE THE COMMENTS TO SCHULZ'S MANUSCRIPT IN A REDACTED FORM**

Plaintiffs' objections to the MJ's recommendation to deny plaintiffs' motion to compel production of the eight-page comments to Schulz's manuscript ("comments") in unredacted form wholly disregard the MJ's finding that the court lack's jurisdiction to review the NDIC's decision

- 8 -

to produce the comments with minimal redactions. See R & R at 22-23.[5] The NDIC's decision to produce the comments in redacted form is only reviewable pursuant to a separate Administrative Procedure Act ("APA") action under the deferential APA standard of review. See id. See also Memorandum of Non-Party United States in Opposition to Plaintiffs' Motion to Compel the Government to Authorize the Release of the NDIC Comments to the Schulz Manuscript or, in the Alternative, for the Government to Produce the Unredacted Comments (docket entry no. 91) ("United States Memorandum in Opposition to Plaintiffs' Motion to Compel Production of the Comments"). Again, plaintiffs' objections are a pure recitation of their brief in support of their motion to compel the government to authorize the release of the comments. See docket entry no. 82. Plaintiffs merely repeat their erroneous assumption that the NDIC's decision to produce the comments in redacted form was based on assertion of the law enforcement privilege. They make no mention of the *Touhy* doctrine, which applies to agency decisions in the discovery context in situations where the United States is not a party, or the proper APA standard for review of decisions, such as this, made pursuant to an agency's *Touhy* regulations. A full explanation of the jurisdictional issue, the proper standard for review of, and the reasonable basis for the NDIC's decision to produce a redacted version of the comments and a complete response to plaintiffs' arguments are set forth in the United States Memorandum in Opposition to Plaintiffs' Motion to Compel Production of the Comments.

In sum, the MJ properly found that the Court lacks jurisdiction to review the NDIC's decision to produce the comments in redacted form. See R & R at 22-23. Alternatively, the

___

[5]It is important to note that the NDIC produced the comments to plaintiffs with only 13 comments redacted, out of the more than 100 comments contained in the 8-page document, accompanied by a statement that none of the redacted comments mention the plaintiffs.

- 9 -

deferential standard of review under the APA "permits a federal court to order a non-party

agency to comply with a subpoena [only] if the government refused production in an arbitrary,

capricious, or otherwise unlawful manner."  See id. at 23 n. 9.  As the MJ reports, plaintiffs have

not presented "any evidence or argument that questions the rational basis for the NDIC's refusal

to comply with [plaintiffs'] production requests."  See id.  Plaintiffs have presented nothing

further in their objections.  The MJ correctly concludes that, even if the Court could exercise its

jurisdiction, there is no basis to challenge the NDIC's decision regarding the comments.

Accordingly, the Court should enter an order adopting the R & R with respect to this issue and

deny plaintiffs' request for production.[6]

## CONCLUSION

For all of these reasons, and those previously set forth, the Court should enter an order

denying plaintiffs' motions for discovery and granting the United States' motion for a protective

order, in accordance with the recommendations of the MJ.

Respectfully submitted,

ROBERT D. McCALLUM, JR.
Assistant Attorney General

ELIZABETH J. SHAPIRO (DC Bar No. 418925)
Assistant Branch Director

[6]Because neither party objections to the R & R with respect to plaintiffs' motion to compel the depositions of Special Agent Pendleton or Tamara Kessler, the United States declines to address that issue in this response.  The MJ's recommendation to deny plaintiffs' request for these depositions is fully supported by the law and should be adopted by the Court.

- 10 -

SARA W. CLASH-DREXLER (PA Bar #86517)
U.S. Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC 20044
Ph. (202) 514-3481
Fax (202) 616-8460
sara.clash-drexler@usdoj.gov

Dated: November 21, 2002

- 11 -

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the *United States' Response to Both Parties' Objections to Magistrate Judge's October 25, 2002 Report and Recommendation* was served by facsimile and First Class Mail, postage prepaid, this 21ˢᵗ day of November, 2002, on:

Patrick M. McLaughlin, Esq.
McLaughlin & McCaffrey, LLP
Eaton Center, Suite 1350
1111 Superior Avenue
Cleveland, OH 44114-2500

Philip J. Weaver, Esq.
Smith, Marshall, Weaver and Vergon
500 National City East Sixth Building
1965 East Sixth Street
Cleveland, Ohio 44114

SARA W. CLASH-DREXLER