# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| LAREDO NATIONAL BANCSHARES, INC., et al., | ) CIVIL ACTION No. 1:00-2081 ) |
| Plaintiffs, | ) Judge Lesley Wells ) Magistrate Judge Nancy Vecchiarelli ) |
| v. | ) **REPLY OF DEFENDANT,** ) **DONALD E. SCHULZ, TO** |
| DONALD E. SCHULZ, et al., | ) **UNITED STATES' RESPONSE TO** ) **BOTH PARTIES' OBJECTIONS TO** |
| Defendants. | ) **MAGISTRATE JUDGE'S** ) **OCTOBER 25, 2002 REPORT AND** ) **RECOMMENDATION** |

With respect to Dr. Schulz's objections, the United States' response seriously misinterprets the law applicable to the asserted privileges when it states "...defendant is required to adequately support his assertion that the *only* defense available to him turns on his ability to rely on... the Executive Summary."[1] (Emphasis added) There is no legal authority to support the proposition that Dr. Schulz can have no more than one defense in order to overcome assertion of law enforcement or deliberative process privileges. The government's brief cites no such authority because that is not the law. Dr. Schulz's burden is merely to establish a particularized need. Dr. Schulz has done so by setting forth one defense available to him that can be established only by referencing very limited portions of the Executive Summary. In order to test Dr. Schulz's assertion, the court necessarily should conduct an *in camera* review of the Executive Summary segments deemed relevant

---

[1] United States's Response, p. 7.

by Dr. Schulz and compare them to specific news article statements identified by Dr. Schulz as either inaccurate or taken out of context thereby constituting a new publication for which Dr. Schulz would not be responsible. The United States tellingly does not objection to this type of specific *in camera* review. Accordingly, the court should accede to Dr. Schulz's request for a specific and limited *in camera* review and comparison.[2]

While the Magistrate Judge found that redaction was not a reasonable alternative, that finding was made based upon the contents of the entire Executive Summary. As Dr. Schulz has represented, and as the court can determine from a focused *in camera* review, the limited Executive Summary contents that Dr. Schulz needs for his defense do not reference any government employees or informants, and the content will not lead to revealing identities of government employees or informants. Thus, redaction is a viable remedy.

Finally, whether Dr. Schulz caused his own "predicament" is not relevant. Indeed, any alleged tortfeasor presumably contributes to cause the "predicament." Nonetheless, the standard applicable to overcoming the law enforcement and deliberative process privileges has nothing whatever to do with fault. The question is whether Dr. Schulz has

---

[2] Despite the Magistrate Judge's *in camera* review of the entire Executive Summary, the Magistrate Judge did not have any input from Dr. Schulz as to which specific, limited Executive Summary statements were pertinent to certain specific, limited statements in the media. Accordingly, the Magistrate Judge's *in camera* review of the entire Executive Summary lacked a specific focus that Dr. Schulz's input could have provided.

demonstrated a particular need for portions of the Executive Summary. That question can only be answered by an *in camera* review as proposed by Dr. Schulz.

For the aforementioned reasons, as well as those set forth in Dr. Schulz's response and surreply to the United States' protective order motion (Document Nos. 85, 94) and objection to the October 25, 2002 Report and Recommendation (Document No. 110), the government's protective order motion should be denied.

        Respectfully submitted,

        s/ Philip J. Weaver, Jr.
        Philip J. Weaver, Jr. (0025491)
        **Smith, Marshall, Weaver & Vergon**
        1965 East Sixth Street, Suite 500
        Cleveland, Ohio 44114-2298
        (216) 781-4994    Fax: (216) 781-4994
        E-mail: pjw@smithmarshall.com

        Attorney for Defendant, Donald Schulz

CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of November, 2002 a copy of the foregoing Reply of Defendants, Donald E. Schulz, to United States;' Response to Both Parties' Objections to Magistrate Judge's October 25, 2002 Report and Recommendation was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. Also the above has been served by regular U.S. mail and by facsimile to Sarah Clash-Drexler, Esq., U.S. Department of Justice, Civil Division, Federal Programs Branch, P.O. Box 883, Room 939, Washington, D.C. 20044.

s/ Philip J. Weaver, Jr.
Philip J. Weaver, Jr.