UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LAREDO NATIONAL BANCSHARES, INC., et al., | ) ) ) | Civil Action No. 1:00-2081 |
| Plaintiffs, | ) ) ) | Judge Lesley Wells<br>Magistrate Judge Nancy Vecchiarelli |
| v. | ) ) ) ) ) ) ) ) ) ) | **UNITED STATES' OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE GOVERNMENT'S RESPONSES TO BOTH PARTIES' OBJECTIONS** |
| DONALD E. SCHULZ, | ) ) | |
| Defendant. | ) | |

The United States submits this brief statement in opposition to plaintiffs' frivolous motion to strike each of the government's responses to the parties' objections to the reports and recommendations issued by the Magistrate Judge on October 25 and November 4, 2002. This motion is nothing more than another one of plaintiffs' undue delay tactics and an abuse of this Court's limited resources.

A prevailing party's right to file a response to another party's objections to a magistrate judge's report and recommendations on nondispositive matters is implicit in the Advisory Committee Notes provided to Fed. R. of Civ. P. 72(a). As plaintiffs acknowledge, the Advisory Committee Notes state:

> It also is contemplated that a party who is successful before the magistrate will be afforded an opportunity to respond to objections raised to the magistrate's ruling.

It is evident in this note to the rule that a party may file a response to another party's objections without seeking leave of court.

Moreover, a requirement that a prevailing party seek leave of court before filing a response to another party's objections is inconsistent with the overall purpose and construction of the Federal Rules. Fed. R. of Civ. Proc. 1 provides that the Rules "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action." Plaintiffs' suggestion that a Court would not want to hear from the prevailing party before issuing a final ruling on any matter is unfounded. The intent of the rules is not served by requiring a prevailing party to seek leave of court in order to be heard. Plaintiffs' motion to strike the United States' responses to both parties' objections for failure to file leave only serves to undermine just and speedy resolution of the matters pending before this Court. Plaintiffs' motion should be denied.

Alternatively, should the court find that leave of court is required in order to respond to another party's objections to a magistrate judge's report and recommendations, the United States' moves this Court for leave to file instanter a response to both parties' objection to the Magistrate Judge's October 25, 2002 report and recommendation and plaintiffs' objections to the Magistrate

Judge's November 4, 2002 report and recommendation.

>Respectfully submitted,
>
>ROBERT D. McCALLUM, JR.
>Assistant Attorney General
>
>ELIZABETH J. SHAPIRO (DC Bar No. 418925)
>Assistant Branch Director
>
>
>SARA W. CLASH-DREXLER (PA Bar #86517)
>U.S. Department of Justice
>Civil Division, Federal Programs Branch
>P.O. Box 883
>Washington, DC 20044
>Ph. (202) 514-3481
>Fax (202) 616-8460
>sara.clash-drexler@usdoj.gov

Dated: December 10, 2002

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the *United States' Opposition to Plaintiffs' Motion to Strike the Government's Responses to Both Parties' Objections* was served by facsimile and First Class Mail, postage prepaid, this 10th day of December 2002, on:

Patrick M. McLaughlin, Esq.
McLaughlin & McCaffrey, LLP
Eaton Center, Suite 1350
1111 Superior Avenue
Cleveland, OH 44114-2500

Philip J. Weaver, Esq.
Smith, Marshall, Weaver and Vergon
500 National City East Sixth Building
1965 East Sixth Street
Cleveland, Ohio 44114

SARA W. CLASH-DREXLER