**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| LAREDO NATIONAL BANCSHARES, INC., et al., | ) ) ) | CASE NO. 1:00 CV 2081 |
| Plaintiffs, | ) ) | JUDGE WELLS |
| vs. | ) ) | DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR PAYMENT OF ATTORNEY'S FEES, EXPENSES AND COSTS |
| DONALD E. SCHULZ, | ) ) ) | |
| Defendant. | ) | |

The United States' arguments pertaining to Dr. Schulz's motion for fees, etc. are without merit for the following reasons:

- The United States will be a party to this ongoing case should the court determine that the Attorney General's certification decision on scope of employment was incorrect, which under 28 U.S.C. §2679(d)(1) requires the United States to be substituted for Dr. Schulz as the real party in interest.

- Dr. Schulz is a prevailing party against the United States should the court conclude that the Attorney General's certification decision was incorrect. *In re: Turner*, 14 F. 3d 637, 641-642 (D.C. Cir. 1994).

- Sovereign immunity does not bar Dr. Schulz's motion for fees, etc. because that immunity has been waived under 28 U.S.C. §2412(b) and (d)(1)(A). Moreover, a court exercising equitable jurisdiction always has the ability to award fees, expenses and costs if it is right and just to do so.

- Under 28 U.S.C. §2412(b), this court has the power to award fees and expenses in connection with U.S. agency or official action when permitted under the common law, which provides for an award of fees and expenses

> when the government agency or official acts in bad faith, vexatiously, wantonly or for oppressive reasons. *Bergman v. United States*, 844 F.2d 353, 357 (6th Cir. 1988).

- The Attorney General's determination regarding scope of employment was made in bad faith and in a wanton manner. Bad faith in Ohio is defined as the failure to act with reasonable justification. *Rose v. Hartford Underwriters Ins. Co.*, 203 F. 3d 417, 421-422 (6th Cir. 2000). In addition, wanton behavior, under Ohio law, is defined as conduct exhibiting a reckless disregard of the consequences. *Rothman v. Metropolitan Casualty Insurance Co.*, 134 Ohio St. 241, 245 (1938). The Attorney General's determination that Dr. Schulz was not acting within the scope of his employment was unreasonable under the bad faith standard and was in reckless disregard of Dr. Schulz's rights because the determination was made without any inquiry into what Dr. Schulz was doing when he forwarded the Executive Summary to the reporter. In other words, the Attorney General's determination was made without any examination of the facts.[1]

- Under 28 U.S.C. §2412(b), another common law exception permitting an award of attorney fees and expenses is that courts exercising equitable jurisdiction always have the power to award attorney fees and expenses as the needs of justice dictate. *Sprague v. Ticonic National Bank*, 307 U.S. 161, 164, 59 S. Ct. 777, 778-780, 83 L. Ed. 1184 (1939). Here, Dr. Schulz has essentially requested that the court issue injunctive relief substituting the United States as a party, and in the exercise of that equitable jurisdiction, award Dr. Schulz his attorney's fees, expenses and costs in order to vindicate his clear rights to governmental representation at no cost to him.[2]

---

[1] Indeed, the government's brief here makes absolutely no effort to justify or document the process through which the Attorney General made its determination that Dr. Schulz was not within the scope of his employment. The government's brief, rather, merely cites the Complaint's allegations that Dr. Schulz "leaked" the Executive Summary to the media, which he did not do.. *See*, Response Of United States Of America In Opposition To Defendant Schulz's Motion For Payment Of Attorney's Fees, Expenses And Costs, pp. 13-14, n. 9.

[2] The government's argument that Dr. Schulz would have incurred fees in any event because he would have remained a defendant on the RICO claims ignores the facts. Although Plaintiffs named numerous John Doe alleged co-conspirators, none were ever identified because no criminal enterprise or conspiracy involving Dr. Schulz ever existed. *See*, Response Of United States Of America, p. 3, n. 2. Furthermore, the government's contention that had it been substituted for Dr. Schulz it would have

- Under 28 U.S.C. §2412(d)(1)(A), this court is required to award attorney fees to the prevailing party in connection with judicial review of U.S. agency action absent the government providing substantial justification for its determination. Since the Attorney General has offered absolutely no evidence to justify its determination, it has failed to carry its burden of proof.[3]

- Dr. Schulz's motion for fees, etc. is timely brought because (1) the court expressly ordered that the attorney fee motion would be resolved within six (6) months after Defendant's counsel, in response to the court's inquiry, advised that the motion would take a number of months to research and prepare, (2) the motion for fees, etc. is brought before trial as the court retains continuing jurisdiction over the injunctive relief granted,[4] and (3) the court specifically asked the United States Attorney's office if it desired to be involved in the settlement discussions, which invitation was refused.

Thus, for these reasons as well as those set forth in Defendant's Motion For Payment Of Attorney's Fees, Expenses And Costs Against The United States Of America, the motion should be granted,

---

quickly extricated itself from this case ignores the law. While the government is immune from certain tort actions under 28 U.S.C. §2680(h), one tort claim (invasion of privacy) remains viable, and the government would have been in the case for the long haul. *Cruikshank v. United States*, 431 F. Supp. 1355, 1360 (D. Hawaii 1977).

[3] Authority contrary to Dr. Schulz's position exists. *See*, *In re: Turner*, 14 F. 3d 637 (D.C. Cir. 1994). Nonetheless, *Turner* was incorrectly decided. 28 U.S.C. §2412(d)(1)(A) requires an attorney fee/expense award in the separate context of ". . . proceedings for judicial review of agency action . . . ." The Westfall Act's (28 U.S.C. §2679(d)(3)) grant of authority to the court to review the Attorney General's scope-of-employment certification decision creates a "proceeding for judicial review of agency action." This judicial review proceeding is not modified by the clause ". . . other than cases sounding in tort . . . ." Thus, despite the fact that Dr. Schulz is a defendant in an underlying tort action, judicial review of the scope-of-employment certification decision does not sound in tort, and the Equal Access to Justice Act expressly requires an award of attorney fees in connection with judicial review of agency action regardless of the nature of the underlying civil action.

[4] Contrary to the government's assertion, this case is not "closed." *See*, Response Of United States Of America, p. 4.

3

and Dr. Schulz should be offered the opportunity to submit his fees, expenses and costs for the court's consideration.

>Respectfully submitted,
>
>s/ Philip J. Weaver, Jr.
>Philip J. Weaver, Jr. (0025491)
>**Smith Marshall, LLP**
>1965 East Sixth Street, Suite 500
>Cleveland, Ohio 44114-2298
>(216) 781-4994    Fax: (216) 781-4994
>E-mail: pjw@smithmarshall.com
>
>Attorney for Defendant, Donald Schulz

### CERTIFICATE OF SERVICE

I hereby certify that on this  10th  day of October, 2003 a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.  In addition, a copy of the foregoing document was served by facsimile and first class U.S. mail, postage prepaid, this  10th  day of October, 2003, to Jeremy S. Brumbelow, U.S. Department of Justice, Trial Attorney Torts Branch, Civil, P.O. Box 7146, Washington, D.C. 20044-7146.

>/s/ Philip J. Weaver, Jr.
>Philip J. Weaver, Jr.